688 So.2d 1274 (1997)
STATE of Louisiana
v.
Gillispie ETHRIDGE.
No. 96-1050.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1997.
Robert Richard Bryant, Jr., Lake Charles, for State of Louisiana.
Martin Edward Regan, Jr., New Orleans, Robert J. Hildum, Baton Rouge, for Gillispie Ethridge.
Before SAUNDERS, PETERS and AMY, JJ.
SAUNDERS, Judge.
On May 24, 1995, Gillispie Ethridge was charged by bill of information with one count of armed robbery (in violation of La.R.S. 14:64); two counts of aggravated criminal damage to property (in violation of La.R.S. 14:55); and one count of attempted second degree murder (in violation of La.R.S. 14:27 and 14:30.1). On June 19, 1995, the bill of information was amended to reflect an additional count of armed robbery. On June 20, 1995, pursuant to a plea negotiation, the State dismissed one count of armed robbery and the defendant pled guilty to the charges which remained.
A joint sentence recommendation was proposed for the defendant to be sentenced to twenty-five (25) years in the Department of Corrections on the charge of attempted second degree murder; fifteen (15) years in the *1275 Department of Corrections on each count of aggravated criminal damage to property; and twenty-five (25) years in the Department of Corrections without benefit of probation, parole, or suspension of sentence on the charge of armed robbery, all to run concurrent for a total term of imprisonment not to exceed twenty-five (25) years.
On February 23, 1996, the trial court sentenced the defendant to forty-five (45) years at hard labor on the charge of attempted second degree murder; forty-five (45) years at hard labor without benefit of parole, probation or suspension of sentence on the charge of armed robbery; and five (5) years at hard labor for each of the two counts of aggravated criminal damage to property. All of these sentences are to run concurrent.
On March 12, 1996, the defendant's motion to reconsider his sentence was denied, and on May 9, 1996, another motion for reconsideration of sentence was filed; it was denied on June 6, 1996. Defendant now appeals his conviction and sentence.

FACTS
On the night of March 10, 1995, the defendant shot six times into the residence of Lake Charles Deputy Antonio Rogers. The shots, fired into the bedroom window on the southeast corner of the house, severely wounded Mrs. Rogers and caused property damage.
Also on March 10, 1995, the defendant went to the Double Diamond Casino in Lake Charles, Louisiana. Once inside the casino, the defendant pointed a revolver at two clerks and a security guard. A clerk was told to put all of the money in a blue tote bag, after which the defendant told everyone to lie down. On his exit from the casino, the defendant fired a shot through the casino's window; this shot caused property damage and almost hit one of the casino clerks. The defendant managed to steal approximately $14,903.00 from the casino.

ERRORS PATENT:
La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, all appeals are reviewed by this court for errors patent on the face of the record. After a review of the record for errors patent, we find there are no errors patent.

ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error, the defendant argues his sentence is unconstitutionally excessive, constituting cruel and unusual punishment. The defendant questions only the validity of the attempted second degree murder sentence and the armed robbery sentence, and thus, the two sentences for aggravated criminal damage to property will not be reviewed.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir. 1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981), (quoting State v. Bonanno, 384 So.2d 355 (La. 1980)); State v. Everett, 530 So.2d 615 (La. App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
In our examination for excessiveness, it is important to provide the statutory limits for each crime. For the crime of armed robbery, La.R.S. 14:64(B) provides:

*1276 Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.
For the crime of attempted second degree murder, two statutes are involved. La.R.S. 14:30.1(B) states that:
Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
However, because this crime was only an attempt, La.R.S. 14:27(D)(1), as it was in effect at the time the defendant committed the crime, stated:
If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years....
For the charge of armed robbery, the defendant received forty-five (45) years, less than half of the maximum of ninety-nine (99) years provided by law. For the crime of attempted second degree murder, the defendant was sentenced to forty-five (45) years at hard labor; this sentence is also below the statutory maximum of fifty (50) years. Therefore, each sentence of forty-five (45) years is within the statutory limits.
Defendant argues that, despite the fact that the sentences imposed are within the statutory limits, they are still excessive due to several mitigating factors. The defendant contends that because he had no prior criminal record of any kind, because he had previously served the City of Lake Charles as a police officer, and finally, because the prosecution recommended a sentence of (25) years, the penalties imposed are too harsh. We disagree with the defendant's assertions for the record reveals that the trial court gave adequate consideration to all factors involved in this case.
Examining the trial court's reasoning using La.Code Crim.P. art. 894.1 review, the trial court looked at the following factors in imposing the three sentences. First, the defendant's conduct constituted deliberate cruelty to these victims. Second, the defendant knowingly created a risk of death and great bodily harm to more than one person. Third, the defendant used actual violence in the commission of his crimes. Fourth, the defendant's crimes resulted in significant permanent injury and significant economic loss to the defendant's victims and their families. Fifth, the defendant used a dangerous weapon in the commission of his crimes. Sixth, the defendant committed another armed robbery offense a year and three months apart from the two offenses he committed for these sentences. Seventh, the defendant foreseeably endangered human life by discharging a firearm during the commission of the crime of armed robbery, which has an element of use, attempted use, or threatened use of physical force. Eighth, the defendant used a firearm during the commission of the armed robbery, which has an element of use, attempted use, or threatened use of physical force.
Accordingly, viewing all of these factors in the aggregate, we agree with the trial judge that the imposed sentences were not excessive for the defendant's convictions. The trial judge stated for the record the considerations taken into account and the factual basis for imposition of the sentences. Consequently, we find that the trial judge did not abuse his discretion in imposing the aforementioned sentences. These sentences are commensurate with, rather than grossly disproportionate to, the severity of the defendant's offenses and are adequately particularized to this particular defendant in light of his particular crimes. Moreover, these penalties do not shock our sense of justice. Rather, these sentences make a measurable contribution to acceptable penal goals and are not a needless imposition of pain and suffering and are not "cruel, excessive, or unusual punishment."
For all of the aforementioned reasons, we find that the defendant's first assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2:
The defendant did not brief this assignment of error. For this reason, the defendant's second assignment of error is deemed to be abandoned.

*1277 CONCLUSION

For the foregoing reasons, we affirm the defendant's conviction and sentences.
AFFIRMED.