792 So.2d 806 (2001)
STATE of Louisiana, Appellee,
v.
Michael McCOY, Appellant.
No. 34,835-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2001.
*807 Carey J. Ellis, III, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Brian King, Assistant District Attorney, J. Thomas Butler, Assistant District Attorney, Counsel for Appellee.
Before BROWN, STEWART and CARAWAY, JJ.
BROWN, J.,
Defendant, Michael McCoy, charged with the stalking and attempted second degree murder of a former girlfriend, entered into a plea bargain with the state. In exchange for the state's dismissal of the stalking charge, defendant pled guilty to the attempted murder charge. The district court sentenced defendant to 40 years at hard labor without benefit. On appeal, defendant challenges his sentence as excessive. Finding no error, however, we affirm.

Discussion
The matters of record show that after his girlfriend, Stephanie Stinson, broke up with him in May 2000, defendant began following, harassing and threatening to kill her. On June 12, 2000, defendant obtained a .32 caliber revolver and told several family members that he intended to "do something" to Ms. Stinson. Later that day, defendant staked out Ms. Stinson's place of employment and waited for her to arrive. When Ms. Stinson spotted defendant, she pulled her car around the back of the building and honked her horn to be let inside the locked, rear entrance. Defendant followed Ms. Stinson behind the building and approached her while she was still in her car, firing one shot into her hand and three shots into her lower body. *808 When questioned by police, defendant said that he shot Ms. Stinson because he wanted her to feel as much pain as he had felt. During his sentencing hearing, defendant stated that Ms. Stinson had leaned over to reach for a knife (which he admitted he did not see) when he approached her, so he went back to his vehicle for the gun, then shot her.
On appeal, defendant argues that the district court should have given more weight to the mitigating factors of his lack of a criminal record and the fact that he was "relatively young" at the time of the offense.
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La. App.2d Cir.04/02/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App.2d Cir.02/26/97), 690 So.2d 864, writ denied, 97-0705 (La.09/26/97), 701 So.2d 979. This record indicates that the trial court was aware of defendant's age and lack of prior violent criminal history and that the court considered these factors in tailoring the sentence to this particular offender.
On this record, we do not find constitutional error. Defendant, age 27 and unemployed at the time of the offense, intentionally committed a dangerous crime and endangered human life without just cause or provocation. Defendant has a sporadic employment history, has completed the eleventh grade and is of sufficient age to realize the consequences of his actions. Defendant's claim that his "relative" youth mitigates the seriousness of his offense is specious at best. The matters of record show that defendant stalked Ms. Stinson for a protracted period of time, made several threats to kill her and laid in wait for her on the day of the shooting. The sentence imposed is neither grossly disproportionate to the severity of the premeditated offense nor, under the circumstances, is it shocking to our sense of justice. There is no showing of a manifest abuse of the district court's broad discretion. Therefore, there is no constitutional error. This assignment of error is without merit.
Having examined the record for error patent, we have found none.

Conclusion
Defendant's conviction and sentence are AFFIRMED.