# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 06-508

STATE OF LOUISIANA

VERSUS

PATRICK BRIAN CLARK

************

**APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 275,211
HONORABLE BENJAMIN CLYDE BENNETT,
DISTRICT COURT JUDGE, *PRO TEMPORE***

************

**JAMES T. GENOVESE
JUDGE**

************

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

Harold A. Van Dyke, III
Assistant District Attorney
Post Office Box 1472
Alexandria, Louisiana 71309-1472
(318) 473-6650
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana

**James E. Beal**
**Post Office Box 307**
**Jonesboro, Louisiana 71251-307**
**(318) 259-2391**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Patrick Brian Clark**

**GENOVESE, Judge.**

On October 1, 2004, the Defendant, Patrick Brian Clark, was charged by bill of information with one count of attempted second degree murder, a violation of La.R.S. 14:30.1 and La.R.S. 14:27. On October 18, 2005, the Defendant waived his right to a jury trial, and on October 19, 2005, a bench trial was held whereupon the trial court found the Defendant guilty of the offense as charged.

The Defendant then filed a motion for new trial; that motion was denied by the trial court on October 27, 2005. After observing a twenty-four-hour delay, the trial court sentenced the Defendant to imprisonment for a term of twenty-five years at hard labor, without the benefit of probation, parole, or suspension of sentence. The Defendant orally moved for reconsideration of sentence, which was denied by the trial court.

The Defendant has appealed, asserting that his sentence is excessive. For the following reasons, we affirm.

## FACTS

On June 9, 2004, Tandra Clark went to the Wal-Mart store in Alexandria, Louisiana, with her daughter, Destiny Green, Victoria Briggs and David Briggs, and their daughter India Smith. After leaving Wal-Mart, Victoria Briggs noticed their car being followed by the Defendant in his car. The group then drove to Lesser Grocery, and the Defendant parked his car immediately adjacent to theirs. The Defendant spoke to Tandra Clark, his former wife, and then exited his car. Ms. Clark showed the Defendant a restraining order and requested that he stay away. Ms. Clark then attempted to go into the store, but before she could do so, the Defendant struck her in the back of the head. He verbally threatened Ms. Clark and then returned to his car. The Defendant then exited his car, carrying a "crowbar tool," which he then used

1

to strike Ms. Clark. The Defendant then struck the victim twice with the tool and fled the scene.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is one error patent.

The trial court improperly informed the Defendant "that any application for post-conviction relief must be filed within two years before this conviction - before this sentence becomes final." According to La.Code Crim.P. art. 930.8, however, an application for post-conviction relief must be filed within two years *after* the judgment of conviction and sentence has become final. Therefore, we remand this matter to the trial court with instructions to inform the Defendant of the correct provisions of article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings. *State v. Roe,* 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

**ANALYSIS**

In his only assignment of error, the Defendant asserts that the twenty-five year sentence imposed by the trial court is excessive and that it is not supported by the evidence. The Defendant asserts that the sentence was excessive because the evidence, while not sufficient for acquittal of the attempted second degree murder charge, showed that he voluntarily left the scene, and that he did not intend to kill the victim. Further, the Defendant claims that the trial court failed to follow the requirements of La.Code Crim.P. art. 894.1, and that the trial record does not clearly

2

reflect whether he has a prior felony conviction nor does it show his age at the time of the offense. Therefore, the Defendant concludes that the sentence is excessive, that his sentence should be vacated, and that the trial court should be ordered to impose a sentence particularized to the offender and the offense.

Initially, the record indicates that the Defendant orally moved for reconsideration of sentence at the sentencing hearing on October 28, 2005:

**BY MR. LAMPERT:**

Your Honor, on behalf of the defendant I would now like to move for a reconsider - an oral motion for reconsideration of sentence based on our allegation that this sentence is excessive and other - and what I think will become broadly known as the Dorthey Consideration is that this would not serve a penal interest.

When a defendant fails to assert specific grounds for excessiveness, he is then limited on appeal to a review of a bare claim of excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993).

This court has set forth the following standard to be used in reviewing excessive sentence claims:

La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

3

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The Defendant was convicted of attempted second degree murder, a violation of La.R.S. 14:30.1 and La.R.S. 14:27. A person convicted of attempted second degree murder shall be imprisoned for "not less than ten, nor more than fifty years without benefit of parole, probation or suspension of sentence." La.R.S. 14:27. When sentencing the Defendant, the trial court stated:

> The Court has examined your record and find [sic] that this is not the first crime of violence of which you've been convicted. That you have displayed violence toward your fellow man on more than one occasion before and not simply fights, I'm talking about putting people in jeopardy of losing their lives, taking somebody's life. In this particular case it was testified by several witnesses that you said, I'm going to kill you. You knocked this lady down, you got a tire tool and you hit her in the head twice. Unless you get some correctional treatment, in which you need [sic], I'm afraid you're going to end up taking somebody's life. I don't know if it's a violent temper you have or what but you - you need - you are in the need of correctional treatment. If there is any suspended sentence of probation I would be fearful for your wife's life. At any - and I'm going to impose a sentence and determine that any lesser sentence would not address the seriousness of the crime.
>
> I have considered all the - the guidelines under Article 894.1 of the Code of Criminal Procedure and before I impose the sentence I want you to understand that any application for post-conviction relief must be

4

filed within two years before this conviction - before this sentence becomes final. I now sentence you to the custody of the Department of Corrections of the State of Louisiana, to serve a period of twenty-five years without the benefit of parole. That's all.

The Defendant's sentence is in the middle of the range between the minimum ten years and the maximum fifty years for the convicted offense. A pertinent review of sentencings for attempted second degree murder is set forth in *State v. Napoleon*, 01-1222, pp. 6-7 (La.App. 5 Cir. 2/26/02), 811 So.2d 980, 983-84, as follows:

> A review of the jurisprudence indicates that similar sentences have been upheld for defendants without prior felony records. In *State v. Ethridge*, 96-1050 (La.App. 3 Cir. 2/5/97), 688 So.2d 1274, 1276, the Third Circuit upheld defendant's 45 year sentence for attempted second degree murder despite the fact defendant had no prior criminal record. The defendant had fired six shots into the victim's residence through a bedroom window severely wounding the victim.
>
> In *State v. Owens*, 606 So.2d 876 (La.App. 2 Cir.1992), the Second Circuit affirmed defendant's 30 year sentence for attempted second degree murder despite defendant's claim the sentence was excessive based on his youthful age of 25 years old and the fact he had no prior felony convictions. Defendant had fired several shots at the victim in a crowded barroom.
>
> In *State v. Camese*, 00-1943 (La.App. 4 Cir. 7/11/01), 791 So.2d 173, the Fourth Circuit affirmed defendant's 50-year sentence for attempted second degree murder despite the fact defendant had no prior criminal record. Defendant approached the victim at the security gate of the victim's apartment, pointed a gun to his head, and demanded the victim's car. The victim gave defendant the car at which time defendant shot him in the head.
>
> In the present case, defendant tricked his victims by asking for a ride home. He pulled a gun on the high-school aged victims who were merely being nice by giving the perpetrators a ride home. Defendant forced Shane McCloud at gunpoint to disconnect the speakers in the trunk of the car and hit Shane McCloud several times with the gun, demonstrating deliberate cruelty. Shockingly, defendant then shot the victim after he handed over the very item the perpetrators requested. Despite defendant's claim the shooting was an accident, the record shows shots were fired at the prior armed robbery and there was discussion between the perpetrators about shooting someone. Based on these facts, we find the 25-year sentence imposed is not grossly disproportionate to the severity of the offense nor does it shock the conscience.

5

**<u>DECREE</u>**

In view of the jurisprudence, and the detailed reasons given by the lower court, we find that the Defendant's sentence is not excessive. Therefore, we affirm the Defendant's sentence. However, this matter is remanded to the trial court with instructions that the trial court inform the Defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof in the record of the proceedings that the Defendant received such notice.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**