STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-1059

STATE OF LOUISIANA

VERSUS

KIMBERLY SAMPY

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 103,883
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Glenn B. Gremillion, Judges.

AFFIRMED WITH INSTRUCTIONS.

**Michael Harson**
**District Attorney, 15th JDC**
**Keith A. Stutes**
**Asst. District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Plaintiff/Appellee:**
        **State of Louisiana**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2775**
**Monroe, LA 71207-2775**
**(318) 387-6124**
**Counsel for Defendant/Appellant:**
     **Kimberly Sampy**

**Kimberly Sampy**
**La. Corr. Institute for Women**
**P. O. Box 26**
**St. Gabriel, LA 70776**
**In Proper Person:**
     **Kimberly Sampy**

GREMILLION, JUDGE.

In this case, the defendant, Kimberly Sampy, was convicted by a jury of one count of attempted second degree murder of Crystal Kessler, a violation of La.R.S. 14:27 and 14:30.1, and one count of attempted manslaughter of Brian Sampy, a violation of La.R.S. 14:27 and 14:31. She was sentenced to thirty years at hard labor without the benefit of probation, parole, or suspension of sentence on the conviction for attempted second degree murder and ten years at hard labor on the conviction for attempted manslaughter, to be served concurrently with the thirty-year sentence. Defendant filed a motion to reconsider the sentence of thirty years which was denied by the trial court. She has now appealed claiming that her sentence of thirty years is constitutionally excessive. For the following reasons, we affirm the sentence of the trial court with instructions.

## FACTS

On the date of the shooting, Defendant drove from her home in Jacksonville, Florida, to Lafayette, Louisiana. While there was some conflict as to why she made the trip, it is clear that she and her husband, Brian, had talked on the telephone a day or two before the shooting. Brian was living in Lafayette with Crystal at the time at the French Colony Apartments. It is also of note that both Defendant and Crystal were pregnant by Brian at the time. Defendant's and Brian's four-month-old daughter had died of Sudden Infant Death Syndrome a few weeks prior to the shooting. Upon arriving in Lafayette, Defendant drove to The Gentleman's Club where Kessler worked as the bartender manager. Crystal and Brian were at the club, but Defendant did not speak with them because the club was closing

1

and the police were not allowing anyone to enter. Defendant drove to the French Colony apartment building and remained in her car. When Brian and Crystal arrived at the apartment, he parked his vehicle behind Defendant's vehicle, blocking her in. The parties' stories differ somewhat at this point but it is clear that Brian called the police at some point and had an argument with Defendant. Crystal remained seated in the passenger side of the car and took no part in the argument. Defendant eventually pulled out a gun and fired several shots, one striking Brian in the back of the head as he was fleeing and one striking Kessler in the face and another striking her in the neck as she was sitting in the car. Both Brian and Crystal survived the gunshot wounds.

## EXCESSIVE SENTENCE

In her sole assignment of error, Defendant contends that her thirty-year sentence is excessive under the circumstances of the case. Although Defendant was originally charged with attempted first degree murder, the jury found her guilty of the attempted second degree murder of Crystal. Second degree murder carries a punishment of life imprisonment. However, under La.R.S. 14:27, an attempt to commit an offense that is punishable by life imprisonment carries a range of imprisonment of not less then ten years nor more than fifty years at hard labor. Accordingly, defendant received a midrange sentence.

At the sentencing hearing, the trial court noted it had reviewed the presentence investigation report. According to the report, Defendant had no prior criminal history. The report recommended a maximum sentence on each count to be served consecutively. However, the trial court stated that it was taking into

2

consideration mitigating and aggravating factors. The trial court noted Defendant's lack of a criminal history and her remorse, the fact that she had successfully completed various anger management programs while she was incarcerated, her good behavior while incarcerated, her youth, and the support of her family. As for the aggravating factors, the trial court noted that the victims both suffered severe physical and emotional injuries, particularly Brian who received a serious head injury from which he may never completely recover. Moreover, Crystal was shot in the face while she was sitting in the car. Both victims could have easily died. Finally, the trial court noted that there were indications at trial that the acts were premeditated.

Defense counsel as well as Defendant (pro se) filed a motion to reconsider the sentence. Defense counsel's motion argued an excessive aggregate sentence. However, the motion was based on an incorrect assumption that the sentences were ordered to be served consecutively for a total of forty years imprisonment. Defendant's pro se motion raised the issue of excessive sentence under the circumstances of her case, arguing that she was remorseful for her actions, that she had no prior criminal history, and that she has a two-year-old child who needs her mother.

At the sentencing hearing, which was not attended by Defendant, defense counsel only corrected his misconception about the sentence and mentioned to the trial court that he objected to the sentence. The trial court denied the motions to reconsider the sentence.

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331

3

(alteration in original), this court set forth the following standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Moreover, in *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-0562 (La. 5/30/03), 845 So.2d 1061, this court held that in order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, the following factors may be considered:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook,* 95-2784 (La.5/31/96); 674 So.2d 957, 958.

4

In mitigation, Defendant points out that she has no prior criminal record. She claims she was distraught because her husband of five years had left her pregnant and coping with the death of their daughter. She also says that she knew her husband was having an affair with Crystal Kessler. She argues that the trial court placed more weight on the victim impact statement and much less weight on the mitigating factors. Finally, she argues that the sentence of thirty years without the benefit of parole is nothing more than a cruel and unusual punishment.

However, we note that the imposition of a thirty-year sentence is not an uncommon sentence for the offense of attempted second degree murder under similar circumstances as the current case. In *State v. McCoy,* 34,835 (La.App. 2 Cir. 6/20/01), 792 So.2d 806, *writ denied,* 01-2186 (La. 6/21/02), 818 So.2d 790, the second circuit affirmed a forty-year sentence imposed on the defendant who was convicted of attempted second degree murder despite the fact that he did not have a criminal history. In that case, the defendant had stalked a former girlfriend and laid in wait for her before shooting her four times. In *State v. Ethridge,* 96-1050 (La.App. 3 Cir. 2/5/97), 688 So.2d 1274, we affirmed a sentence of forty-five years for attempted second degree murder even though Ethridge had no prior criminal record. The defendant fired six shots into the victim's residence through a bedroom window severely wounding the victim. In *State v. Owens,* 606 So.2d 876 (La.App. 2 Cir. 1992), Owens alleged his thirty-year sentence for attempted second degree murder was excessive because he was only twenty-five and had no prior criminal history. Owens had fired several shots at the victim in a crowded barroom. Our colleagues on the second circuit affirmed.

5

We are cognizant of Defendant's situation. She was blocked in a parking spot by her husband who brought his pregnant girlfriend to confront her, his pregnant wife. She was at least threatened by her husband in that the police were on the way and she would go to jail. Certainly, she was under a significant amount of stress as she had just lost her young daughter and was apparently going to have to fend for herself and her next child as her husband had abandoned her for the woman he brought to the apartment building parking lot.

The trial court obviously took those factors into consideration when sentencing her in regard to the shooting of Brian, as she received only a ten-year sentence for that crime. But the facts surrounding the shooting of Crystal are quite different. First, Defendant armed herself even though Brian was not armed and Crystal presented no threat. By all accounts, Crystal was simply sitting on the passenger side of the car and did not confront Defendant in any manner. She was shot twice, both times in or near the face. In that regard, we find that the sentence is not such that shocks our sense of justice, it makes a measurable contribution to acceptable penal goals, and is not a needless imposition of pain and suffering. Accordingly, we find that while we believe that the sentence is on the high side, we cannot say that the trial court abused its discretion when it imposed a thirty-year sentence for the attempted second degree murder of Crystal Kessler. This assignment of error is without merit.

### ERRORS PATENT

We review all appeals for errors patent on the face of the record in accordance with La.Code Crim.P. art. 920. After reviewing the record, we find that

6

there is one error patent. The record does not indicate that the trial court advised Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, we direct the trial court to inform Defendant of the provisions of Article 930.8 by sending appropriate written notice to her within ten days of the rendition of this opinion and to file written proof that she received the notice in the record of the proceedings. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## CONCLUSION

Defendant's sentence of thirty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence for the crime of attempted second degree murder of Crystal Kessler is affirmed. Further, the trial court is directed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to her within ten days of the rendition of this opinion and to file written proof that she received the notice in the record of the proceedings.

**AFFIRMED WITH INSTRUCTIONS.**