NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-99

STATE OF LOUISIANA

VERSUS

STEPHEN ALLEN LUKENS

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 334,282
HONORABLE WILLIAM GREGORY BEARD, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Elizabeth A. Pickett, D. Kent Savoie, and Candyce G. Perret, Judges.

AFFIRMED WITH INSTRUCTIONS.

**J. Phillip Terrell, Jr.**
**District Attorney**
**Catherine L. Davidson**
**Assistant District Attorney**
**Post Office Box 7358**
**Alexandria, LA  71306-7358**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, LA  70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Stephen Allen Lukens**

**Stephen Allen Lukens**
**Rapides Parish Detention Center 3**
**7400 Academy Drive**
**Alexandria, LA  71303**
**IN PROPER PERSON**

**PERRET, Judge.**

In this criminal appeal, Stephen Allen Lukens, ("Defendant") appeals his twenty-year sentence for his conviction of attempted second-degree murder. For the following reasons, we affirm Defendant's convictions and sentences and order the trial court to correct the Uniform Commitment Order to reflect Defendant's sentences are to run concurrently.

**FACTS AND PROCEDURAL HISTORY:**

On December 11, 2017, Defendant was charged by bill of information with the attempted second-degree murder of his wife Sherry[1] Lukens, in violation of La.R.S. 14:27 and 14:30.1, as well as one count of obstruction of justice, in violation of La.R.S. 14:130.1. On July 3, 2018, Defendant waived his right to a jury trial.

Defendant's bench trial occurred on August 15, 2018, at which time the trial court found Defendant guilty as charged on both counts. On September 20, 2018, Defendant was sentenced to twenty years at hard labor without benefit of probation, parole, or suspension of sentence for the attempted second-degree murder conviction and ten years at hard labor for the obstruction of justice conviction. Defendant's sentences were ordered to be run concurrently, and the trial court recommended Defendant receive a mental health evaluation by the Department of Corrections.

On September 28, 2018, Defendant filed a Motion to Reconsider Sentence alleging simply that his "sentences are excessive in light of the facts and circumstances in the instant matter." The trial court denied the motion without reasons on October 8, 2018.

---

[1] Although the bill of information spells the victim's name as "Sherri", the protective order sought by the victim clearly lists her name as "Sherry." Accordingly, we will refer to her as Sherry.

Defendant now appeals his sentence for attempted second-degree murder,[2] arguing twenty years is excessive given his age, lack of criminal history, and mental health issues. He also contends the trial court failed to comply with La.Code Crim.P. art. 894.1 by "failing to adequately consider mitigating factors in this case."

At sentencing, the trial court recounted the following facts from Defendant's bench trial:

> Mr. Lukens, on the night of July twenty-sixth, two thousand seventeen, the Rapides Parish Sheriff's office received a nine-one-one call of a burglar at your home; which involved the stabbing of your wife, Sherry Lukens, in the upper neck. On this call you stated that your wife had been stabbed in the neck and the front door was wide open and you did not see anybody. You and your wife had been married for over thirty-three years. You and your wife have one child and four grandchildren. On this particular night or early in the morning, Ms. Lukens woke up to a burning sensation and which [sic] she thought she was stung. She called for you[,] but you did not come to her. She thought this was strange that you did not come to check on her. You two have always been close. Ms. Lukens testified that she loves you and that you have been there for her but now you are a different person. She testified that at the hospital she knew you had done this by the look on your face. Only after two recorded statements did you eventually tell the truth that you in fact had stabbed your wife. You led the police officers to believe that someone out in the community had done this to your wife. Your confession stated, stabbed my wife in the neck, wanted to kill her. Then you put some gloves on, threw them away, flushed them down the commode. You further stated that you thought you killed her. Mr. Lukens, you intended to kill your wife that night. Specific intent is showed by your confession. You tried to obstruct the investigation by flushing the gloves down the commode, wash[ed] off the knife, hide [sic] the knife in the closet. You thought your wife was dead and you were going to report that in the morning. I am most probably assured that after you stabbed your wife, and you thinking she was dead, when she called out to you, you were very surprised. Surprised that she was still alive. Only after the detectives showed that your story was not adding up did you finally confess to your horrible act.

---

[2] We note that Defendant's assigned errors do not contest his convictions, nor do they contest his ten-year sentence for obstruction of justice.

2

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error in the Uniform Commitment Order that needs correction.

At sentencing, the trial court ordered the sentences imposed to run concurrently. Although the minutes of sentencing correctly reflect that the sentences were ordered to run concurrently, the Uniform Commitment Order does not. Thus, we hereby order the Uniform Commitment Order to be corrected to accurately reflect the trial court's imposition of the sentences to run concurrently.

**ASSIGNMENTS OF ERROR:**

Defendant assigns two errors, that his sentence for attempted murder is excessive and that the trial judge failed to comply with La.Code Crim.P. art. 894.1. Noting Defendant did not allege any failure to comply with La.Code Crim.P. art. 894.1 in his motion to reconsider, we will address Defendant's assignments of error simultaneously. Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

As noted above, Defendant's motion to reconsider failed to raise any claims regarding the trial court's compliance with La.Code Crim.P. art. 894.1, which requires a trial court to consider both aggravating and mitigating factors in

3

particularizing a sentence to the individual offender. Under La.Code Crim.P. art. 881.1(E), Defendant is precluded from raising this claim now. Furthermore, as noted by the State, the trial court went through the aggravating and mitigating factors it considered, even offering both sides the opportunity to suggest additional factors they felt should be considered. Accordingly, we find no merit to Defendant's assignment of error regarding the trial court's compliance with La.Code Crim.P. art. 894.1.

Louisiana courts have laid out the following guidelines with regard to an excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La. Const. art. I, §20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-

4

433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Furthermore, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three factor test from *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. Because Defendant's motion to reconsider lacked specificity and merely alleged his sentence was excessive "in light of the facts and circumstances in the instant matter," we will review Defendant's claim as a bare excessiveness claim under *Baker*.

Defendant was convicted of attempted second-degree murder, in violation of La.R.S. 14:27 and 14:30.1. By definition, Defendant's crime is a crime of violence, and Defendant eventually admitted that he stabbed his wife (albeit superficially) because he was trying to kill her. Under La.R.S. 14:27(D)(1)(a), the penalty range for attempted murder is imprisonment "at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of

sentence." Accordingly, Defendant's sentence represents forty percent of the maximum period of incarceration he could have received.

Defendant's argument regarding the "facts and circumstances" seem to be focused primarily on Defendant's nature and background. As noted by the victim, she and Defendant were married for thirty-three years prior to Defendant attempting to murder her. Additionally, the trial court noted Defendant's "lack of any significant criminal conduct." Defendant contends he "is a disabled first offender who suffers from anxiety and depression." This claim appears to be borne out by the trial court's decision to recommend Defendant receive a mental health evaluation. Additionally, the trial court noted "[t]he defendant has psychiatric problems which contribute to the offense but are more controllable." Defendant asserts he is now being treated for anxiety and depression, which he had not been treated for prior to his incarceration. Although Defendant stated the victim depended on him for support, he also acknowledged at sentencing that the last time he was able to work was in 2003.

At sentencing, the trial court cited *State v. Williams*, 16-579 (La.App. 3 Cir. 4/5/17), 216 So.3d 107; *State v. Sampy*, 07-1059 (La.App. 3 Cir. 3/5/08), 978 So.2d 553, *writ denied*, 08-845 (La. 11/10/08), 996 So.2d 1066; *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62; and *State v. Clark*, 06-508 (La.App. 3 Cir. 9/27/06), 940 So.2d 799, *writ denied*, 06-2857 (La. 9/21/07), 964 So.2d 324 as support for his imposition of Defendant's twenty-year sentence for attempted second-degree murder. The defendant in *Williams* was a first offender who received a twenty-five-year sentence; *Sampy* involved a thirty-year sentence for attempted second-degree murder for a first offender who was simultaneously convicted of attempted manslaughter. The defendant in *Wommack*, also a first offender, received a

twenty-one-year sentence. The defendant in *Clark* was the only one who was not a first offender, and the court there imposed a twenty-five-year sentence. We find the cases cited by the trial court accurately reflect this court's longstanding affirmation of mid-range sentences for first offenders convicted of attempted murder and support the imposition of a twenty-year sentence.

After consideration of Defendant's case in light of the *Baker* factors, we cannot say that the trial court abused its discretion in imposing the twenty-year sentence it found appropriate after careful consideration of the case. After all, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *See State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996).

For these reasons, we affirm Defendant's convictions and sentences. Additionally, we order the trial court to correct the Uniform Commitment Order to reflect Defendant's sentences are to run concurrently.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.