# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 19-557

**STATE OF LOUISIANA**

**VERSUS**

**CODY JAMES TOUCHECK**

**-AKA- CODY TOUCHECK**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 17-294
HONORABLE SUZANNE M. DEMAHY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, D. Kent Savoie, and Van H. Kyzar, Judges.

**AFFIRMED.**

**Richard Allen Spears**
**101 Taylor Street**
**New Iberia, LA 70560**
**(337) 367-1960**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Cody James Toucheck**


**M. Bofill Duhe**
**District Attorney**
**300 Iberia Street, #200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**KYZAR, Judge.**

Defendant, Cody James Toucheck, appeals his sentences of thirty years at hard labor for attempted second degree murder and five years at hard labor for aggravated battery. For the reasons set forth herein, we affirm each of the convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

On March 23, 2017, Defendant was charged by bill of information with the attempted second degree murder of Nicole Bourque, in violation of La.R.S. 14:27 and La.R.S. 14:30.1 and with the aggravated battery of Terry A. Ware, in violation of La.R.S. 14:34. On June 8, 2018, Defendant pled no contest to each of the charged offenses.

At the time of Defendant's no contest plea, the State gave the following factual basis for the charged offenses:

> Under Docket Number 17-294, on or about the date alleged in the Bill of Information, if called to trial the State intends to prove that officers with the Iberia Parish Sheriff's Office were dispatched to Cedar Hill Circle, Apartment Number 8, in reference to a stabbing. Upon arrival they located victim Nicole Bourque who had been stabbed multiple times found laying in the middle of the roadway by her residence. She was stabbed by the defendant, Cody Toucheck, who was her boyfriend at the time. Officers also spoke with witness and victim Terry Ware who was a friend of Nicole Bourque and was standing beside her. He was also cut in the face during the course of the altercation by Mr. Cody Toucheck. Ms. Bourque had to undergo emergency surgery after suffering stab wounds to the neck, forearm, kidney and lung area.

The trial court ordered a presentence investigation (PSI) following Defendant's entry of the plea. On November 19, 2018, Defendant was sentenced to thirty-years at hard labor for the attempted second degree murder and five years at hard labor for the aggravated battery. Those sentences were ordered to run concurrently to each other but

consecutively to a six-year sentence Defendant received for second degree battery in another unrelated case charged under a separate docket number.[1]

On December 18, 2018, Defendant filed a "Motion to Reconsider Sentence, or Alternatively, Notice of Appeal." Although Defendant sought reconsideration of his sentences, he gave no specific basis for the motion, merely stating, "[Defendant] seeks reconsideration of the sentences handed down." Defendant's request was denied, and a return date set for his appeal.

Defendant now appeals his sentences for both attempted second degree murder and aggravated battery, contending that the sentences are excessive because the trial court "did not sufficiently take into account mitigating factors nor did it appropriately tailor the sentence to the defendant for the crime committed."

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent related to Defendant's conviction or his sentences.

## DISCUSSION

In his sole assignment of error, Defendant contends his sentences are excessive. Specifically, he contends the trial court failed to properly consider that he was a first felony offender at the time of his plea. Defendant also contends that the fact he was on medication following a motorcycle accident should have been considered as a mitigating factor.

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.

---

[1] Defendant pled no contest and was sentenced on two separate trial court docket numbers, 17-294 (the charges before this court) and 17-295 (second degree battery against a third victim in May of 2016).

2

. . . .

E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

As previously noted, Defendant's motion to reconsider fails to state any grounds upon which his sentence should be reconsidered, including his current argument that the trial court failed to properly consider the mitigating factors listed in La.Code Crim.P. art. 894.1. Accordingly, this argument is precluded from review under La.Code Crim.P. art. 881.1. Furthermore, although the trial court did not explicitly mention Defendant's status as a first felony offender, it did give a detailed explanation of the factors considered in handing down Defendant's sentences. We find no merit to Defendant's claim regarding the trial court's compliance with La.Code Crim.P. art. 894.1.

Louisiana courts have laid out the following guidelines with regard to excessive sentence review:

Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v.*

3

> *Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519
> U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261 (first alteration in original).

Furthermore, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three factor test from *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. Because Defendant's motion to reconsider lacked specificity and merely sought reconsideration of his sentences, we review Defendant's claim as a bare excessiveness claim under *Baker*.

With regard to the nature of the offenses, Defendant is contesting his thirty-year sentence for attempted second degree murder and his five-year sentence for aggravated battery. Both crimes are, by definition, crimes of violence under La.R.S. 14:2(B)(3) and (5). Attempted second degree murder carries a sentencing range of "not less than

4

ten nor more than fifty years without benefit of parole, probation, or suspension of sentence." Accordingly, Defendant's sentence is only slightly above the middle of the sentencing range. Despite Defendant's mother's claims that Defendant had suffered a motorcycle accident shortly before the incident in question and her claim that he was hurting so badly he could not get out of his truck on the night of the incident, Defendant beat and stabbed his girlfriend multiple times before cutting another individual who attempted to help Defendant's girlfriend. The crime is clearly a serious violent offense, and the victim submitted an impact statement asserting that she was disabled and unable to work as a result of Defendant's attack, noting she suffered broken ribs and lung lacerations, that she and her children have been homeless due to her inability to work, and that she wanted a maximum sentence imposed for Defendant's crimes.[2]

Defendant's conviction for aggravated battery carries a sentencing range of zero to ten years at hard labor, as well as a maximum fine of $5000. Accordingly, Defendant's five-year sentence is the middle of the sentencing range. Again, the crime is a crime of violence and was inflicted on the victim, a bystander who was trying to help the woman Defendant was attempting to murder and who had been stabbed repeatedly.

Defendant's precluded claims regarding aggravating and mitigating factors would be appropriately considered as part of the "nature of the offender" *Baker* factor. Defendant was twenty-seven at the time of his sentencing, with three daughters ranging from two-and-a-half-years old to seven-years old. As noted by Defendant, he is technically a first felony offender. However, Defendant simultaneously pled guilty to three violent crimes, one of which occurred six months before the crimes at issue in the instant appeal, and all of which were against separate victims. Two of those victims were Defendant's girlfriends at the time of the attacks, and both required surgery to fix

---

[2] Ms. Bourque technically stated she "would like to see [Defendant] on death row!"

5

the damage Defendant inflicted upon them. In the case involving Defendant's previous girlfriend, six months before the instant offenses, Defendant stomped the defenseless victim and ruptured her spleen requiring an emergency surgery. In the present case, in addition to stabbing Nicole Bourque several times, Defendant also kicked and stomped her during the attack, after she was on the ground, according to statements contained in the PSI. The following summary was also included in Defendant's PSI:

> This is the case of a twenty-seven (27) years old white male who is classified as a First Felony offender. He has been convicted of Attempted Second Degree Murder, Aggravated Battery, and Second Degree Battery. He has a long history of criminal activity. 8 of those arrests have been violent in nature. The only victim still alive that could be reached for comment, Nicole Bourque, stated that she wants to see the offender sentenced to the maximum penalty required by law, as the offender is a risk to himself and to society.

This court has long upheld mid-range sentences for first offenders convicted of attempted murder. Similar sentences were upheld in *State v. Williams*, 16-579 (La.App. 3 Cir. 4/5/17), 216 So.3d 107; *State v. Sampy*, 07-1059 (La.App. 3 Cir. 3/5/08), 978 So.2d 553, *writ denied*, 08-845 (La. 11/10/08), 996 So.2d 1066; *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62; and *State v. Clark*, 06-508 (La.App. 3 Cir. 9/27/06), 940 So.2d 799, *writ denied*, 06-2857 (La. 9/21/07), 964 So.2d 324. The defendant in *Williams* was a first offender who received a twenty-five-year sentence; *Sampy* involved a thirty-year sentence for attempted second degree murder for a first offender who was simultaneously convicted of attempted manslaughter. The defendant in *Wommack*, also a first offender, received a twenty-one-year sentence. The defendant in *Clark* was the only one who was not a first offender, and the court there imposed a twenty-five-year sentence. These cases support the imposition of the thirty-year sentence for attempted second degree murder here.

With regard to Defendant's five-year sentence for aggravated battery, Louisiana courts have previously upheld mid-range and maximum sentences for first offenders.

6

In *State v. Sullivan*, 02-35 (La.App. 5 Cir. 4/30/02), 817 So.2d 335, the fifth circuit upheld a maximum sentence for a first offender who had a history of mental illness after he attacked his neighbor with a knife, causing a serious cut just above the neighbor's eye. In *State v. Rainey*, 98-436 (La.App. 5 Cir. 11/25/98), 722 So.2d 1097, *writ denied*, 98-3219 (La. 5/7/99), 741 So.2d 28, the fifth circuit upheld an eight-year sentence for a first offender who contended he was acting in defense of another but had continued stomping the unconscious victim after the woman being defended had left the room. Finally, we take note that the sentence for the aggravated battery conviction is being served concurrently with his thirty-year sentence for attempted second degree murder, potentially making only a negligible difference, if any, to the amount of time Defendant ultimately spends in prison for the two violent crimes for which he was convicted in this case.

We conclude that trial court did not abuse its great discretion in fashioning Defendant's sentences for attempted second degree murder and aggravated battery. Accordingly, Defendant's convictions and sentences are affirmed.

### DECREE

Defendant's convictions and sentences of thirty years at hard labor for attempted second degree murder and five years at hard labor for aggravated battery, to run concurrently to each other but consecutively to the six-year sentence Defendant received for second degree battery under trial court docket number 17-295 are affirmed.

**AFFIRMED.**

7