968 So.2d 829 (2007)
STATE of Louisiana, Appellee
v.
Huette A. BARBER, Jr. a/k/a Chip Barber, Appellant.
No. 42,548-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 2007.
*830 Lavelle B. Salomon, for Appellant.
Jerry L. Jones, District Attorney, Geary S. Aycock, Assistant District Attorney, for Appellee.
Before BROWN, MOORE and LOLLEY, JJ.
LOLLEY, J.
This criminal appeal arises from the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana. The defendant, Huette "Chip" A. Barber, Jr., pled guilty to vehicular homicide, a violation of La. R.S. 14:32.1. Barber was originally sentenced by the trial court to 21 years' imprisonment at hard labor, the first year to be served without benefits (to be served concurrently with a prior sentence for a previous driving while intoxicated conviction), plus a $2,000.00 fine. After Barber's *831 motion to reconsider sentence, the trial court vacated the original sentence and resentenced Barber to 20 years' imprisonment at hard labor, the first to be served without benefits, credit for time served. Additionally, he was ordered to pay a $2,000.00 fine or to serve 9 months in jail or 150 hours of community service. Finally, Barber was ordered to participate in a court-approved substance abuse program. He now appeals his sentence, which for the following reasons, we affirm.

FACTS
On the evening of December 3, 2005, Barber swerved his vehicle off of Highway 165 South in Monroe, Louisiana, onto the shoulder, striking Robert Alan Jacks, who was standing beside his eighteen-wheeler truck. Barber continued a short distance down the road, ran into the median and abandoned his vehicle. He walked to the Veteran's Home where he telephoned his wife to pick him up. Barber asked his wife to lie for him; however, much to her credit, she refused to cooperate. Three days following the accident, Barber was finally arrested at his attorney's office in Monroe. Barber later admitted to being under the influence of alcohol when he killed Mr. Jacks; however, because Barber fled the scene and did not turn himself into police until later, there is no evidence of his blood alcohol level. The police investigation, which is part of the record, reflects that employees of the club where Barber was eating and drinking prior to the incident noted that they had served Barber numerous alcoholic beverages. In fact, one employee remembered that Barber was extremely intoxicated and was having trouble keeping his eyes open. That same employee did not notice Barber leaving the club, but did recall that Barber left without paying.
Barber was charged by bill of information with vehicular homicide and a hit and run fatality. The state agreed to dismiss the hit and run charge in exchange for Barber's guilty plea to vehicular homicide. Barber pled guilty and was originally sentenced to 21 years' imprisonment at hard labor, the first year to be served without benefits. Barber's motion to reconsider sentence was granted and the original sentence was vacated. The trial court resentenced him to serve 20 years' imprisonment at hard labor, the first year to be served without benefits, with credit for time served. Barber was further ordered to pay a $2,000.00 fine, with 9 months in jail to be served in default of payment or 150 hours of community service. Finally, Barber was ordered to participate in a court-approved substance abuse program. This appeal by Barber ensued.

DISCUSSION
On appeal, Barber raises five assignments of error, all related to his sentence which he deems excessive. In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.02/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App. 2d Cir.01/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.03/11/05), *832 896 So.2d 57, 2004-2380 (La.06/03/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hampton, supra. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.01/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App. 2d Cir.01/24/07), 948 So.2d 379.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Russell, 40,526 (La.App. 2d Cir.01/27/05), 920 So.2d 866, writ denied, XXXX-XXXX (La.09/29/06), 937 So.2d 851. The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, XXXX-XXXX (La.06/03/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Estes, 42,093 (La.App. 2d Cir.05/9/07), 956 So.2d 779.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Shirley, 41,608 (La. App. 2d Cir.12/13/06), 945 So.2d 267. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, XXXX-XXXX (La.05/16/00), 769 So.2d 1158.
The crime of vehicular homicide carries a penalty of imprisonment with or without hard labor for not less than two nor more than 30 years, with at least one year without benefits, in addition to a monetary fine of $2,000.00 to $15,000.00. La. R.S. 14:32.1. Here, the record clearly contains a sufficient factual basis for Barber's sentence, including many mitigating factors, in compliance with La. C. Cr. P. art. 894.1. The record reflects that the trial court laboriously and meticulously considered an abundance of factors prior to imposing sentence. In fact, at re-sentencing, prior to reducing Barber's sentence from 21 to 20 years' imprisonment at hard labor, the trial court candidly noted that, "This case has been the hardest decision that I have made since being a Judge. I have put more time into this case and lost more sleep on this case than I have any case that I have handled up to date." Finally, we note that the trial court extensively researched, examined and compared sentences in cases with similar circumstances in crafting the defendant's sentence, as evidenced by the analysis filed into the record.
On this record and considering the particular facts at hand, we do not find constitutional *833 error in Barber's 20-year hard labor sentence and $2,000.00 fine. Barber received substantial benefits as a result of the plea bargain agreement. Notably, his deal saved his wife from possible prosecution, when he put her in jeopardy by asking her to protect him after committing the crime. Moreover, at the time Barber entered his guilty plea, he was still on probation as a result of an earlier DWI offensehe had two prior DWIs. We conclude that Barber's conduct in committing the crime sub judice is reprehensible  not only did he get behind the wheel of his car while intoxicated and kill an individual, but he then fled from the scene and attempted to involve his wife in his crime. Additionally, it is obvious that the effect of Barber's feckless actions has been devastating to Mr. Jacks' heartbroken family. So considering, we do not find that the sentence imposed is grossly disproportionate to the severity of the offense or that it is shocking to our sense of justice. The trial court's sentence was not a manifest abuse of its discretion. For the foregoing reasons, Barber's sentence is affirmed.
AFFIRMED.