# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 09-1065

**STATE OF LOUISIANA**

**VERSUS**

**KEYOWASKI M. DOUCET**

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 77660-FA
HONORABLE JOHN LARRY VIDRINE, DISTRICT JUDGE

**********

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

**Annette Fuller Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
Telephone: (337) 436-2900
COUNSEL FOR:**
    **Defendant/Appellant - Keyowaski M. Doucet**

**Trent Brignac
District Attorney, Thirteenth Judicial District Court
Julhelene E. Jackson
Assistant District Attorney, Thirteenth Judicial District Court
P. O. Box 780
Ville Platte, LA 70586
Telephone: (337) 363-3438
COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**THIBODEAUX, Chief Judge.**

In 2009, Defendant, Keyowaski M. Doucet, pled guilty to the following counts: (1) vehicular homicide, in violation of La.R.S. 14:32.1; (2) driving while intoxicated, first offense, in violation of La.R.S. 14:98; (3) careless operation of a motor vehicle, in violation of La.R.S. 32:58; (4) driving under suspension, in violation of La.R.S. 32:415; and, (5) no seat belt, in violation of La.R.S. 32:295.1. The trial court sentenced Doucet to the concurrent sentences of twenty-five years at hard labor for vehicular homicide, six months in the parish jail for driving while intoxicated, six months in the parish jail for careless operation, six months in the parish jail for driving under suspension, and thirty days in parish jail for no seat belt. Doucet appeals claiming his vehicular homicide sentence was excessive. For the following reasons, we affirm.

## ISSUES

We shall consider whether:

(1) Defendant's sentence of twenty five years at hard labor was excessive where Defendant, with previous misdemeanor and felony convictions, drove a vehicle while under the influence of illegal drugs and alcohol into a home killing the resident and leaving the scene;

(2) the trial court satisfied the mandates of La.Code Crim.P. art. 894.1; and,

(3) the defense counsel's failure to file a motion to reconsider sentence is enough to support a claim of ineffective assistance of counsel under the circumstances of the case mentioned above.

## FACTS

In 2008, Doucet, while under the influence of PCP, marijuana, and alcohol, veered off the road and struck a home, killing the resident. The pre-sentence

investigation report (PSI) indicates that police were dispatched in reference to a vehicle stolen by Doucet. While looking for the vehicle, police were advised to go to the home of Doucet's mother. Doucet's mother then instructed Doucet to show police where the vehicle was. Doucet voluntarily went with police and, eventually, located the vehicle.

After an investigation, police concluded that Doucet left the road and struck a ditch. He continued to travel through a private field, struck two fences, and, eventually, struck a private residence. Police concluded that Doucet never attempted to slow down or brake after leaving the roadway. After the accident, Doucet left the scene and made no attempt to notify emergency personnel about the crash.

The following is a summary of Doucet's personal and criminal history contained in the PSI. Doucet is currently classified as a second felony offender. He stated that he was not in the right state of mind at the time of the accident and that he was sorry about the accident. Doucet is the only child born to never-married parents. His mother raised him along with his three younger half-brothers, and the family is very close.

Doucet quit attending school after completing the seventh grade. He entered the work force at the age of 20. Doucet worked as a galleyhand for ESS, an offshore company, for approximately two months before being laid off. Approximately a year later, Doucet worked off-and-on as a painter. In 2007, Doucet secured employment with Dean Hart Construction. He was employed with them on two separate occasions, for approximately one month on each occasion, in 2007 and in 2008. In February of 2008, Doucet's probation was revoked under Act 402 for a ninety-day period.

Most recently, in September of 2008, Doucet worked for another construction company. Doucet stated he was employed with this company until his arrest for this offense. He has been incarcerated since that time.

Doucet has never married. He has reported having two daughters who live with their mother. Doucet had contact with his children prior to his incarceration.

Doucet reported using illegal drugs and alcohol from his teens until his arrest for this offense. While on probation for offenses for which he was convicted in 2006, Doucet denied having an alcohol problem. He reported the use of Cocaine, Marijuana, and PCP. Doucet continued to use illegal drugs during his period of probation. He was returned to court for these violations and others. The court ordered that he complete the Revocation Center, a ninety-day lock-down drug treatment program.

There, Doucet received drug treatment counseling and life skills counseling. He completed that program. Nevertheless, he continued to use illegal drugs during the remainder of this period of supervision.

Doucet has not reported any physical health problems. At the time that he was placed on probation in 2006, he reported having received treatment for approximately one week for mental health problems. He advised that he suffered from depression and anger. He completed an Anger Management Program in 2005. While on probation, Doucet reported suffering from depression. He was advised that he should be evaluated by the Mental Health Clinic. He never contacted the clinic. Doucet has indicated that he was not in the right frame of mind at the time he committed this offense.

Doucet became criminally active at age fourteen. His adult record began at age nineteen. He has been arrested on numerous occasions for misdemeanor and

3

felony offenses. Thus, Doucet pled guilty to obstructing a public passage and contempt of court in 2004; criminal damage to property, criminal damage, and possession of marijuana in 2005; filing a false public record, unauthorized use of a motor vehicle, disturbing the peace, and contempt of court in 2006; resisting arrest by flight, no driver's license, following too close with an accident, hit and run, and contempt of court in 2008; disturbing the peace by offensive language, misrepresentation during booking, simple assault, and resisting arrest in 2009. Charges of simple battery, resisting an officer, and threatening a public official were pending at the time the PSI was completed.

Because of Doucet's convictions, he was placed on misdemeanor probation on two separate occasions. It appears that he completed one of those periods of supervision satisfactorily. The other misdemeanor probation has not been completed, and there was an active bench warrant for Doucet's arrest. He failed to return for a revocation hearing in that matter.

He has also been supervised for two separate felony convictions. Both of these convictions occurred in 2006. Doucet was supervised on both of them simultaneously. Doucet violated the conditions of probation on several occasions by committing new misdemeanor offenses: using illegal drugs and not making a sincere effort to comply with many of the other conditions of probation. He was scheduled to be returned to court in both dockets. Doucet has already been served with notice of the hearing when he committed this offense. Both periods of probation were revoked. The first period of probation was a result of a conviction for filing false public record. The second, for unauthorized use of a motor vehicle. Because both offenses occurred prior to any conviction, Doucet remained a first felony offender.

4

This offense of vehicular homicide is Doucet's third felony offense. However, he is only classified as a second felony offender.

Finally, the PSI contained the following observation. The sentence for vehicular homicide mandates that three years be served without benefit of probation, parole, or suspension of sentence. Therefore, Doucet is not eligible for probation. Also, he is not eligible for the Impact Program due to the mandated sentence.

## **PROCEDURAL NOTE**

Doucet entered a plea of guilty to Counts 1 through 5 listed above. Because Counts 2-5 were not triable by jury, the proper mode of appellate review for these offenses is an application for writ of review, rather than an appeal. La.Code Crim.P. art. 912.1.

In *State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La. 12/12/05), 917 So.2d 1084, Defendant appealed his convictions for two felonies and one misdemeanor, but made no specific arguments regarding his misdemeanor conviction. Thus, this court severed the misdemeanor conviction from Defendant's appeal of the two felony convictions. The court ordered Defendant to file a writ of review regarding the misdemeanor conviction in compliance with the Rules of Court. *Id.* If Defendant desired to seek review of the misdemeanor conviction, this court considered the notice of appeal as a notice to file a writ of review within thirty days of the court's opinion.[1]

In *State v. Stevens*, 07-976 (La.App. 3 Cir. 3/5/08), 978 So.2d 535, the State misjoined a felony with a misdemeanor in a single bill of information. This court held that because Defendant failed to file a motion to quash the bill, he waived

---

[1]In the decree language in *Turner*, 896 So.2d 286, this court simply affirmed Defendant's felony convictions with no reference to the misdemeanor.

any objection to the error. We further noted that because the misdemeanor was not triable by jury, the proper mode of appellate review was an application for writ of review. Thus, we severed the misdemeanor conviction from the appeal.

In this case, Doucet has not challenged the misdemeanors; his assignments of error concern his sentence for vehicular homicide. Therefore, this court severs the misdemeanors from the appeal and instructs Doucet that if he chooses to seek review of the misdemeanors, he must file an application seeking supervisory review with this court within thirty days of the court's ruling on appeal.[2]

Finally, the record does not indicate that the trial court advised Doucet of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, we direct the trial court to inform Doucet of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Doucet within ten days of the rendition of this opinion, and to file written proof in the record of the proceedings that Doucet received the notice. *See State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## LAW AND DISCUSSION

Because all of the issues Doucet raises pertain to his sentence, we shall address them at the same time. Defendant has thirty days after the imposition of sentence to make or file a motion to reconsider sentence. La.Code Crim.P. art. 881.1. Thus, Defendant's excessive sentence claim is barred under La.Code Crim.P. art. 881.1 when Defendant neither made nor filed an objection regarding his sentence. *State v. Blake*, 03-1465 (La.App. 3 Cir. 5/5/04), 872 So.2d 602. Nevertheless, when

[2]Appellate counsel notes that pursuant to La.Code Crim.P. art. 493.1, the maximum aggregate sentence for counts 2 through 5 could not exceed six months. She notes that three six-month sentences and one thirty-day sentence were imposed, to run concurrently. However, she concedes that the appeal is limited to review of the sentence imposed for the felony offense of vehicular homicide.

the record contains sufficient evidence to address the ineffective assistance of counsel issue, this court examines "whether there was a reasonable probability that the trial court would have reduced" Defendant's sentence if Defendant's trial counsel made or filed a motion to reconsider sentence. *Id.* at 608 (citing *State v. Prudhomme*, 02-511 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324).

When the defense counsel fails to file a motion to reconsider sentence, Defendant may have a claim of ineffective assistance of counsel when Defendant "can show a reasonable probability, but for defense counsel's error, his sentence would have been different." *Prudhomme*, 829 So.2d at 1177 (citing *State v. Texada*, 98-1647 (La.App. 3 Cir. 5/5/99), 734 So.2d 854). Moreover,

> [a] claim of ineffective assistance of counsel is properly raised in an application for post-conviction relief. This allows the trial judge an opportunity to order a full evidentiary hearing on the matter. *State v. Burkhalter*, 428 So.2d 449 (La.1983). However, where the record contains evidence sufficient to decide the issue and the issue is raised by an assignment of error on appeal, it may be considered. *State v. James*, 95-962 (La.App. 3 Cir. 2/14/96); 670 So.2d 461.

*State v. Francis*, 99-208, pp. 10-11 (La.App. 3 Cir. 10/6/99), 748 So.2d 484, 491, *writ denied*, 00-544 (La. 11/13/00), 773 So.2d 156.

To prove an allegation of ineffectiveness, Defendant must specifically show prejudice. *Blake*, 872 So.2d 602 (citing *State v. Reed*, 00-1537 (La.App. 3 Cir. 3/6/02), 809 So.2d 1261, *writ denied*, 02-1313 (La. 4/25/03), 842 So.2d 391). "Whether or not a defendant received ineffective assistance of counsel is a two-part inquiry. First, we must determine whether the trial court would have reduced the Defendant's sentences upon the filing of a 'Motion to Reconsider Sentence.' Second, we must determine whether the sentences were excessive." *Id.* at 609.

7

## (1) Would the Trial Court Have Reduced the Defendant's Sentence

Doucet did not file a motion to reconsider sentence and did not object to the sentence at the time it was imposed. In brief to this court, Doucet asserts the trial court did not inquire into his family or work history. He maintains the record does not indicate a lengthy criminal record and none of his prior offenses are in the same "crime family" as vehicular homicide. He further asserts that he had no prior convictions for driving while intoxicated.

Doucet contends he assisted police in locating the vehicle after the accident and accepted responsibility for his actions by pleading guilty. He avers the trial court failed to give consideration to these mitigating factors. Further, the trial court failed to consider his need for substance abuse rehabilitation.

Doucet also argues that the victim's death and his use of drugs are elements of the offense and should not be considered as aggravating factors. Further, the record does not support the trial court's conclusion that the events were likely to re-occur. Doucet asserts that considering the factors listed by the trial court at sentencing, it failed to give sufficient weight to La.Code Crim.P. art. 894.1 in arriving at the sentence. Doucet then contends his sentence is excessive.

At sentencing, the trial court noted Doucet's extensive criminal record, which began at a very early age. The trial court commented that it reviewed the PSI and that it has carefully considered the provisions of La.Code Crim.P. art. 894. The trial court distinguished factual circumstances of this case from the one where two people have been drinking together and then decided to get into a car together and one of the persons gets killed in an accident. The trial court reasoned that unlike Doucet's victim, the victim who gets into the car and gets killed assumed a certain amount of risk. Thus, the trial court concluded that a lesser sentence than what it was

going to impose would deprecate the seriousness of Doucet's offence, especially in light of Doucet's criminal record that pointed to probable recidivism.

We find that the trial court considered the circumstances of this case and Doucet's circumstances before imposing the sentence. Thus, we conclude that the trial court was unlikely to have reduced Doucet's sentence had a motion to reconsider sentence been filed.

### (2) Excessiveness of Sentence

> To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1528, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167 (citations omitted). The following factors help to decide whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals: "the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment[,] and a comparison of the sentences imposed for similar crimes." *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citing *State v. Smith*, 99-606, 99-2015, 99-2019, 99-2094 (La. 7/6/00), 766 So.2d 501). Although a comparison of sentences imposed for similar crimes can be helpful, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *Id.* (quoting *State v. Batiste*, 594 So.2d 1, 3 (La.App. 1 Cir. 1991)). Finally, because the trial court is in the best position to evaluate the aggravating and mitigating factors of

a particular case, "it is within the purview of the trial court to particularize the sentence." *Id.*

Vehicular homicide is punishable by imprisonment with or without hard labor for not less than five years nor more than thirty years. La.R.S. 14:32.1(B). Doucet was sentenced to serve twenty-five years at hard labor.

In *State v. Morain*, 07-1207 (La.App. 3 Cir. 4/2/08), 981 So.2d 66, this court found the sentence excessive. There, Defendant received a sentence of twenty years, the maximum permitted at the time of the offense, for the death of a seventeen-year old who was changing a tire on the side of the road. We distinguished the circumstances in *Morain* from the circumstances in other cases where the defendants received maximum or near maximum sentences. Unlike the defendants in other cases, who had blood alcohol levels several times the legal limit, had prior DWI convictions, and showed no remorse, Defendant in *Morain* had blood alcohol level slightly over the limit, he had no prior DWI or other convictions, and he showed remorse.

In *State v. Kotrla*, 08-364 (La.App. 3 Cir. 11/5/08), 996 So.2d 1224, we held that a first-time felony offender's sixteen-year sentence was not excessive where Defendant's blood alcohol level was twice the legal limit and his actions resulted in the death of a human being and serious bodily injuries to two other persons.

In *State v. Barber*, 42,548 (La.App. 2 Cir. 10/24/07), 968 So.2d 829, the court held that a twenty-year sentence, two-thirds of the maximum, was not excessive where Defendant, who had two prior DWIs and was seen drinking excessively prior to the accident, fled the scene of the accident on foot after striking and killing a person.

From the cases cited above, it appears that the maximum sentences are affirmed where Defendants engaged in prior DWI violations, other criminal offenses, or both, and had no remorse. On the other hand, Defendants with minor or no criminal history received one-half or three-quarters of the maximum sentences.

Here, Doucet's criminal conduct began when he was fourteen years old. He has been convicted of numerous misdemeanors and two felonies. He failed to comply with the conditions of his probation on several occasions. Further, a revocation hearing was requested and scheduled for November 12, 2008. On November 11, 2008, he committed the offense at issue. Based on Doucet's history of drug use, his criminal history, his classification as a second felony offender, and that he was on probation at the time he committed this offense, we find Doucet's sentence for vehicular homicide not excessive.

Consequently, even if Doucet's trial counsel had filed a motion to reconsider sentence, Doucet's sentence would have been deemed appropriate under the circumstances. Therefore, the trial counsel's failure to file the motion did not prejudice Doucet. Finally, "[w]here the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1." *State v. Leger*, 04-1467, p. 62 (La.App. 3 Cir. 6/1/05), 907 So.2d 739, 780, *writ denied*, 05-2263 (La. 4/17/06), 926 So.2d 509, *cert. denied*, 549 U.S. 910, 127 S.Ct. 245 (2006) (quoting *State v. Hampton*, 38,017, 38,018, 38,019, 38,020, 38,021, 38,022, p. 11 (La.App. 2 Cir. 1/28/04), 865 So.2d 284, 292, *writ denied*, 04-834 (La. 3/11/05), 896 So.2d 57, *writ denied,* 04-2380 (La. 6/3/05), 903 So.2d 452).

## CONCLUSION

Doucet's sentence for vehicular homicide is affirmed. This court severs the misdemeanor convictions from the appeal and instructs Doucet to file an application for supervisory review within thirty days of this ruling if he chooses to seek review of the misdemeanors. Additionally, the trial court is directed to inform Doucet of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Doucet within ten days of the rendition of this opinion, and to file written proof in the record of the proceedings that Doucet received the notice.

**AFFIRMED WITH INSTRUCTIONS.**