**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1545

STATE OF LOUISIANA

VERSUS

ADRIAN HARRISON

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 09-2132
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**PHYLLIS M. KEATY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Phyllis M. Keaty, Judges.

**AFFIRMED AS AMENDED.**

**J. Phil Haney**
**District Attorney**
**Walter J. Senette, Jr.**
**Assistant District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, Louisiana 70560**
**(337) 828-4100**
**Counsel for:**
       **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana 70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
       **Adrian Harrison**

**KEATY, Judge.**

Defendant, Adrian Harrison, pled guilty to attempted second degree murder. He was sentenced to fifteen years at hard labor with a recommendation that he receive mental health and substance abuse treatment. Defendant now appeals, alleging that his trial counsel rendered ineffective assistance and that his sentence is excessive. For the following reasons, we amend the sentence and affirm as amended.

## FACTS AND PROCEDURAL HISTORY

According to the factual basis entered into the record at Defendant's plea hearing, Defendant drove to the home of Chad Doucet (Chad), who allegedly had a relationship with Defendant's estranged wife, and fired between two and four shots toward Chad as he sat on his front steps smoking. Fortunately, Chad was not hit by the gunfire. Chad's mother had come to the front door when she heard him speaking with someone. From where she was standing behind Chad, she witnessed Defendant point a gun at and shoot in Chad's direction. Defendant fled the scene but was later contacted by deputies from the Iberia Parish Sheriff's Office and agreed to turn himself in.

Defendant was charged by bill of information with one count of attempted second degree murder, in violation of La.R.S. 14:27 and La.R.S. 14:30.1. At his November 13, 2009 arraignment, Defendant waived the presence of counsel and entered a plea of not guilty. On May 24, 2010, while represented by counsel, Defendant withdrew his former not guilty plea and entered a plea of guilty as charged. After interrogating Defendant, the trial court determined that there was a factual basis for the plea and that Defendant had entered the plea freely and voluntarily. The trial

court ordered a Certified Criminal History Report to be completed before Defendant's sentencing.

Defendant's sentencing hearing took place on August 9, 2010; he was again represented by counsel. Defendant took the stand, explaining that he was very depressed at the time of the shooting and that he was thankful no one got shot that day. He apologized to the victim and the victim's family, and he asked the trial court for mercy.

Before pronouncing Defendant's sentence, the trial court noted that the sentencing range for attempted second degree murder was ten to fifty years without benefit of probation, parole, or suspension of sentence. It acknowledged that the forty-seven-year-old Defendant had accepted responsibility for the crime and had offered what appeared to be a sincere apology. On the other hand, it noted that the crime was extremely serious and that Defendant had a history of violence consisting of a charge, although not a conviction, of aggravated assault on a peace officer and resisting arrest, as well as a long history of marijuana possession. The trial court referenced a medical report in evidence describing Defendant as a marijuana abuser who was bi-polar and manic depressive. Nevertheless, the trial court characterized Defendant's mental health problems as treatable. Finally, the trial court noted that it was only "by the Grace of God" that neither the victim nor his mother was killed when Defendant fired toward them. Based on the foregoing, the trial court expressed that the ends of justice would not be served by either a minimum or a maximum sentence. Thereafter, it sentenced Defendant to serve fifteen years at hard labor without benefit of probation, parole, or suspension of sentence, with the recommendation that he undergo mental health and substance abuse treatment.

Defendant timely filed a pro se motion for appeal. The trial court granted the motion and appointed the Louisiana Appellate Project to represent Defendant on appeal. Defendant is now before this court, alleging that his trial counsel rendered ineffective assistance and that his sentence is excessive.

**DISCUSSION**

Defendant did not object to the sentence after it was imposed, nor did he file a motion to reconsider the sentence. Pursuant to La.Code Crim.P. art. 881.1(E):

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Thus, Defendant's excessive sentence claim is barred.

*State v. Doucet*, 09-1065 (La.App. 3 Cir. 5/5/10), 36 So.3d 1105, *writ denied*, 10-1195 (La. 12/17/10), 51 So.3d 19, involved an appeal by a defendant who had pled guilty to vehicular homicide; driving while intoxicated, first offense; careless operation of a motor vehicle; driving under suspension; and no seat belt. Doucet claimed that his twenty-five year sentence for his vehicular homicide conviction[1] was excessive and that his counsel had rendered ineffective assistance by failing to file a motion to reconsider sentence. After noting that the defendant's excessiveness claim was barred under La.Code Crim.P. art. 881.1, this court stated, "[n]evertheless, when the record contains sufficient evidence to address the ineffective assistance of counsel issue, this court examines 'whether there was a reasonable probability that the trial court would have reduced' Defendant's sentence if Defendant's trial counsel

---

[1]Doucet did not challenge the sentences he received for his misdemeanor convictions.

made or filed a motion to reconsider sentence."[2] *Id.* at 1110 (quoting *State v. Blake*, 03-1465 (La.App. 3 Cir. 5/5/04), 872 So.2d 602.

We further noted in *Doucet* that "[w]hen the defense counsel fails to file a motion to reconsider sentence, Defendant may have a claim of ineffective assistance of counsel when Defendant 'can show a reasonable probability, but for defense counsel's error, his sentence would have been different.'" *Id.* (quoting *State v. Prudhomme,* 02-511 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324.

In *Premo v. Moore*, __ U.S. __, 131 S.Ct. 733 (2011), the defendant who, on the advice of counsel, had pled no contest to felony murder, argued on appeal that he had been denied effective assistance by his lawyer's failure to move to suppress a confession he made to the police. In discussing the defendant's ineffective assistance of counsel claim, the Supreme Court stated that "where a plea has been entered . . . [t]here is a most substantial burden on the claimant to show ineffective assistance." *Id.* at 746.

In *Blake*, 872 So.2d at 609 (footnote omitted), we explained:

[T]he accused cannot prove an allegation of ineffectiveness without a *specific showing of prejudice.* Whether or not a defendant received ineffective assistance of counsel is a two-part inquiry. First, we must determine whether the trial court would have reduced the Defendant's sentences upon the filing of a 'Motion to Reconsider Sentence.' Second, we must determine whether the sentences were excessive.

We employed the *Blake* analysis in *Doucet*, and, after considering the circumstances of the offenses as well as Doucet's particular circumstances, which included a criminal record dating back to his teens and a history of drug use,

---

[2]In so doing, we acknowledged that claims of ineffective assistance of counsel are normally relegated to post-conviction relief applications in the trial court.

4

determined that it was unlikely that the trial court would have reduced Doucet's sentence had a motion to reconsider sentence been filed. We further determined that "[b]ased on Doucet's history of drug use, his criminal history, his classification as a second felony offender, and that he was on probation at the time he committed this offense," the twenty-five year hard labor sentence imposed on him for vehicular homicide was not excessive. *Doucet*, 36 So.3d at 1113.

***Would the Trial Court Have Reduced Defendant's Sentence?***

In the instant appeal, Defendant contends that his trial counsel was ineffective in failing to: present any mitigating evidence of Defendant's mental illness; object to the sentence imposed; file a motion to reconsider; and file a motion for appeal. Defendant argues that a fifteen-year sentence is excessive for a first-time felony offender such as himself.

The State counters that Defendant has not pointed to any new evidence on appeal that would have caused the trial court to reconsider or reduce the sentence imposed. It notes that, according to Defendant's criminal history, his aggravated assault on a peace officer/resisting an officer arrest stemmed from a complaint that Defendant threatened to shoot everyone at the New Iberia Housing Authority over a suspension he received at work and that Defendant was armed with a handgun when approached by sheriff's deputies. The criminal history also indicated that Defendant had been arrested for domestic abuse battery. The State calls this court's attention to the testimony of Bishop Jeffery Archangel, which it presented at Defendant's sentencing hearing. Bishop Archangel stated that he had previously agreed to assist Defendant in taking his medication and staying out of trouble after he was charged

5

with assaulting the police officers, but that Defendant had stopped coming to church and that he began having the problems that led to this shooting incident.

As mentioned previously, the trial court did have before it evidence of Defendant's mental illness, which it took into consideration in fashioning Defendant's sentence, having mentioned that Defendant "will have ample opportunity to rehabilitate himself while in the prison system." The trial court further noted that although it was understandable that a man would be upset if his wife were cheating on him, "the law cannot tolerate someone losing control of their better judgment and going out with the premeditated intent to shoot" someone.

We are convinced that the trial court fully considered the circumstances of this case, including Defendant's criminal history and the remorse he expressed, before imposing sentence. Accordingly, we conclude that it is highly unlikely that the trial court would have reduced Defendant's sentence had a motion to reconsider sentence been filed.

### Is Defendant's Sentence Excessive?

As noted above, Defendant's excessive sentence claim is barred due to his failure to comply with La.Code Crim.P. art. 881.1. Nevertheless, this court has reviewed claims of excessiveness where a defendant or his counsel has failed to file a motion to reconsider. *See, e.g., Doucet*, 36 So.3d 1105; *State v. George*, 09-143 (La.App. 3 Cir. 10/7/09), 19 So.3d 614. Accordingly, we will review Defendant's claim as a bare claim of excessiveness.

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied,* 01-838 (La. 2/1/02), 808 So.2d 331, this court held:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive

6

sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell,* 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne,* 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied,* 00-0165 (La.6/30/00); 765 So.2d 1067.

Defendant contends that his sentence is excessive because he has a history of mental illness, he lacks a felony record, the trial court did not adequately consider the La.Code Crim.P. art. 894.1 factors, and the trial court recommended he be housed in the Louisiana State Penitentiary (Angola).

The State submits that this crime put two people in imminent danger, as Defendant fired four shots toward them at point blank range. It again references Defendant's criminal history, which shows that he has a propensity for committing crimes of violence. Finally, the State contends that Defendant could have been charged with three counts of attempted second degree murder since the victim's mother could have been shot as she was standing behind the victim when Defendant fired at him and because Defendant had made threats to kill his estranged wife who, the State contends, was pregnant with the victim's child at the time of the shooting. If so charged, Defendant would have been exposed to a sentence of 150 years at hard labor without benefits. As such, the State submits that Defendant's fifteen-year sentence, which was only five years above the mandatory minimum and thirty-five years below the mandatory maximum, is not excessive in this particular case.

In *State v. Sampy*, 07-1059 (La.App. 3 Cir. 3/5/08), 978 So.2d 553, *writ denied*, 08-845 (La. 11/10/08), 996 So.2d 1066, the defendant, who had no criminal history, was convicted of attempted second degree murder and sentenced to thirty years at

7

hard labor to run concurrently with a ten-year sentence for her conviction for attempted manslaughter. We upheld the conviction and sentence.

In *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62, we concluded that a twenty-one-year hard labor sentence for a defendant with no criminal record who was convicted of attempted second degree murder was not excessive. The defendant had faced a possible sentence of up to fifty years at hard labor.

In *State v. Clark*, 06-508 (La.App. 3 Cir. 9/27/06), 940 So.2d 799, *writ denied*, 06-2857 (La. 9/21/07), 964 So.2d 324, the defendant was sentenced to twenty-five years at hard labor after being convicted of attempted second degree murder. Despite the fact that the defendant was a first time felony offender, we denied his claim of excessiveness and affirmed his mid-range sentence.

In the instant case, Defendant shot at two people from close range. He also made threats against his estranged wife. Defendant has a prior history involving crimes of violence while armed with a gun. He is a chronic marijuana abuser who has been diagnosed as bi-polar and manic depressive. The record reflects that the trial court properly considered the La.Code Crim.P. art. 894.1 factors. Based on all of the above, we find that Defendant's fifteen-year sentence for attempted second degree murder is not excessive. This finding further bolsters our earlier conclusion that even if Defendant's counsel had filed a motion to reconsider sentence, the trial court would have denied the motion and deemed the sentence appropriate under the circumstances.

Finally, with regard to Defendant's assertion that his sentence is excessive due to the trial court's recommendation that he be housed in Angola, we note, as did

Defendant in his brief to this court, that the trial court tempered its recommendation with an acknowledgment that the decision of where to place Defendant would left to the Department of Corrections. Louisiana Revised Statutes 15:824(A) provides that:

> [A]ny individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility.

We are convinced that the trial court's recommendation that Defendant serve out his sentence at a particular facility was merely a recommendation. Nevertheless, out of an abundance of caution, we will "recast the sentence to delete the reference to the Louisiana State Penitentiary." *State v. Wisenor*, 452 So.2d 281, 258 (La.App. 2 Cir. 1984).

## DECREE

For the foregoing reason, Defendant's sentence for attempted second degree murder is amended and affirmed as amended.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.