# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-195

**STATE OF LOUISIANA**

**VERSUS**

**KENNETH BELL, SR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 303261
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

**James C. Downs**
**District Attorney - 9th Judicial District Court**
**Numa V. Metoyer, III**
**Assistant District Attorney – 9th Judicial District Court**
**701 Murray Street**
**Alexandria, LA 71301**
**Telephone: (318) 473-6650**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**Edward John Marquet**
**Louisiana Appellate Project**
**P. O. Box 53733**
**Lafayette, LA 70505-3733**
**Telephone: (337) 237-6841**
**COUNSEL FOR:**
    **Defendant/Appellant - Kenneth Bell, Sr.**

**THIBODEAUX, Chief Judge.**

Following an incident where Defendant, Kenneth Bell, Sr., stabbed the victim, Lalisa Harris, nine times with a knife, the State charged him with attempted second degree murder. Following a trial, the jury returned a verdict of attempted second degree manslaughter. The trial judge sentenced Defendant to twenty years at hard labor, the maximum sentence. Defendant now appeals and alleges that the twenty-year sentence is excessive. For the following reasons, we affirm.

## I.

## ISSUE

We shall consider whether the trial court erred by imposing an excessive sentence.

## II.

## FACTS AND PROCEDURAL HISTORY

The victim, Lalisa Harris, traveled to the Bell residence to visit her children and Ethel Bell, Defendant's wife.[1] Ms. Harris and Ms. Bell visited for approximately fifteen minutes before Defendant arrived. Ms. Harris testified that almost immediately, Defendant attempted to provoke a fight with her, prodding Ms. Bell to "tell her [Ms. Harris] why you're mad" and cursing Ms. Harris. Ms. Harris testified that she left the living room and proceeded to the laundry room. Without provocation, Defendant followed Ms. Harris and violently pushed her. She testified that, in response, she threw a radio at Defendant. The radio ricocheted off Ms. Bell's shoulder and glanced off Defendant's face. According to Ms. Harris, Defendant then proceeded to the kitchen, grabbed a large knife and chased her through the house. Ms. Harris attempted to flee through the back door but tripped and fell. She testified that

---

[1]At the time of the crime, Defendant did not live at the Bell residence.

Defendant positioned himself on top of her and stabbed her nine times. While stabbing her, Defendant yelled, "I gonna kill you bitch!" Ms. Harris explained that she attempted to defend herself by grabbing the knife with her hands and by kicking. As a result, Ms. Harris received multiple stab wounds to her hands, the bottom of her foot, ankle, and thigh. Though the emergency room physician who treated Ms. Harris testified that her wounds were not fatal, Ms. Harris lost full mobility of one of her hands.

III.

**LAW AND DISCUSSION**

Defendant argues that his maximum sentence of twenty years is constitutionally excessive. A jury convicted Defendant of attempted manslaughter. Louisiana Revised Statutes 14:31(B) provides for a range of punishment for the offense of manslaughter of not more than forty years at hard labor. The Louisiana attempt statute, in pertinent part, provides that the offender "shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both." La.R.S. 14:27(D)(3). Accordingly, the maximum sentence of incarceration Defendant could have received in this case was twenty years for the crime of attempted manslaughter, which was the sentence imposed on him.

In discussing excessive sentences, this court stated in *State v. Doucet*, 09-1065 (La.App. 3 Cir. 5/5/10), 36 So.3d 1105, 1112, *writ denied*, 10-1195 (La. 12/17/10), 51 So.3d 19:

> To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and [,] therefore, is nothing more than the needless imposition of pain and

2

suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion. *State v. Guzman*, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

The following factors help to decide whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals: "the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment[,] and a comparison of the sentences imposed for similar crimes." *State v. Smith,* 02–719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03–562 (La.5/30/03), 845 So.2d 1061 (citing *State v. Smith,* 99-606, 99-2015, 99-2019, 99-2094 (La.7/6/00), 766 So.2d 501).

Defendant argues that he is not one of the most serious offenders warranting a maximum sentence and that he received "a legally unjustifiable sentence." He asserts that the trial court failed by not ordering a pre-sentencing investigation (PSI). Defendant notes that the trial court made no comments on his criminal history, and he lists mitigating factors—his age and the poor health of his wife—that he contends should have factored into a lower sentence. Finally, Defendant argues that a comparison of sentences imposed for similar crimes suggests that his sentence is excessive.

While it is true that the trial court did not order a PSI, it was completely within its discretion not to order one prior to sentencing. La.Code Crim.P. art. 875; *State v. Hayden*, 98-2768 (La.App. 4 Cir. 5/17/00), 767 So.2d 732. A PSI is an aid to the trial court and is not a right of the defendant. *Id.* We find no error in the trial court's failure to order a PSI.

We note that the trial court took cognizance of the requirements of La.Code Crim.P. art. 894.1 and considered a variety of mitigating and aggravating factors affecting Defendant's sentence. The trial court is not required to list every aggravating or mitigating circumstance as long as the record reflects adequate compliance. *See State v. Hutcherson*, 34,540 (La.App. 2 Cir. 4/4/01), 785 So.2d 140.

3

Here, the trial court articulated several aggravating circumstances that contributed to its assessment of the maximum sentence. In particular, the court referenced the brutality of the attack, the fact that Defendant chased the victim through the house, the use of a dangerous weapon in the offense, Defendant's use of threats and actual violence during the attack, Defendant's deliberate cruelty in continuing to stab the victim despite her efforts to defend herself, and Defendant's apparent intent to "teach the victim a lesson." Moreover, the trial court opined that undo risk existed such that, during a period of suspended sentence or probation, Defendant would commit another crime. It is clear from the record that the trial court weighed these factors against Defendant's age as well as the impact his imprisonment would have on his wife.

Defendant urges us to compare his sentence with the sentences given in several other cases. Although a comparison of sentences imposed for similar crimes can be helpful, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Smith*, 846 So.2d at 789 (quoting *State v. Batiste,* 594 So.2d 1, 3 (La.App. 1 Cir.1991)). The trial court is in the best position to evaluate the aggravating and mitigating factors of a particular case, and "it is within the purview of the trial court to particularize the sentence." *Id.* Here, the trial court carefully particularized the sentence to the offender and to the crime. The trial judge heard all of the testimony, including the victim's emotional account of being chased through the house, pinned down, and repeatedly stabbed with a deadly weapon. He also reviewed the documentary evidence, including gruesome and graphic photographic evidence depicting the victim's numerous wounds.

Both the testimonial evidence and documentary evidence in this case were impactful. Considering the facts of the case and the above jurisprudence, we cannot say that the maximum sentence of twenty years is so shocking that it disturbs this court's sense of justice. This was a serious offense committed without regard for

4

human life, which resulted in serious injury to the victim. Accordingly, the trial court did not abuse its vast discretion when it sentenced Defendant to the maximum sentence of twenty years for the offense of attempted manslaughter.

IV.

## **DISPOSITION**

We affirm Defendant's twenty-year sentence pursuant to his conviction for attempted manslaughter.

**AFFIRMED.**