DOMENGEAUX, Judge.*
Defendants Medford Carltrail Maxie and Donald Wayne Fox were each charged under a single bill of information with the offense of theft of a value of more than $500.00, a violation of La.R.S. 14:67. Both of the defendants pleaded not guilty to the initial charge, but later switched their pleas to guilty on the lesser charge of theft of a value in excess of $100.00, but less than $500.00, pursuant to a plea bargain entered into between each of them and the State. Following pre-sentence investigations, each of the defendants was sentenced to two years at hard labor with the Department of Corrections, the maximum sentences available under the provisions of La.R.S. 14:67 pertaining to the lesser charge.[1]
Each of the defendants appealed the sentences imposed by the district court, both perfecting the identical two assignments of error, viz, that the trial court erred in failing to state a factual basis for the sentences imposed, in violation of La.C.Cr.P. Art. 894.-1, and that the trial court erred in imposing sentences which were excessive in light of the information contained in the presen-fence investigation reports. Since the facts, circumstances, and issues involved in this case are virtually identical to those in State v. Fox, 438 So.2d 1202 (La.App. 3rd Cir.1983), both cases will be discussed herein, although separate opinions are being rendered in each case on this day.
The charges lodged against the defendants allegedly stemmed from a reported theft of tires from a tire company. Some of these tires were traced back to the two defendants involved herein. A subsequent investigation conducted by the Sabine Parish Sheriffs Office led to an oral statement by Mr. Maxie, in which he admitted that Mr. Fox, along with a third defendant, and he, had taken and sold several tires.
The district judge pronounced sentence on both of the defendants pursuant to pre-sentence investigations conducted on each of them, taking into account those guidelines enumerated in La.C.Cr.P. Art. 894.1. In sentencing Donald Wayne Fox, the judge determined that the aggravating factors listed in Article 894.1 were controlling, specifically applying Article 894.1(A)(1) and (A)(2).[2] He reached this conclusion based upon facts' disclosed in the pre-sentence report, i.e., that the defendant had a prior juvenile record, his probation upon which had expired not long before the crime at issue was committed; that the defendant had a high school record of stealing and continuously being in trouble; that his previous employment, contrary to statements *1201 made to the probation officer, was non-existent in one instance, and insignificant in the other; and, finally, that while sentence was pending in this case, he was arrested for another burglary. Based upon these considerations, the trial judge deemed a two-year term of incarceration to be appropriate for this defendant.
Insofar as Medford Carltrail Maxie was concerned, the district judge also found the aggravating factors of Article 894.1 controlling over the mitigating factors, particularly noting Sections (A)(1) and (A)(3) of that Article.[3] He noted that the pre-sentence investigation report revealed that the defendant had a poor employment history and that he was also arrested on a charge of simple burglary while the pre-sentence investigation was being conducted. Therefore, the district judge once again concluded that the maximum sentence of two years at hard labor was proper under these circumstances.
On appeal, both defendants charge that their youth (both men were allegedly 19 years old) was overlooked as a mitigating factor by the sentencing judge. Additionally, they aver that the judge gave an inordinate amount of consideration to the value of the merchandise stolen by them in arriving at his decision. They maintain that numerous individuals had been stealing tires from this particular tire company, and that it is unfair for them to be saddled with full responsibility for what might have been an ongoing pattern of theft.
The defendant’s contentions are without merit. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La.C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The transcripts of the sentencing proceedings of these two defendants indicate that the district judge quite thoroughly complied with Article 894.1 in arriving at the sentences to be imposed. Thus, we have before us now a record which is detailed enough to allow us to make a reasoned review of the alleged excessiveness of these sentences. Landos, supra.
Furthermore, due to the trial judge’s unique position of reviewing subjective factors not available on appeal, he is given a wide discretion in the imposition of sentences within the statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983); State v. Sepulvado, 367 So.2d 762 (La.1979). The sentences imposed upon these defendants by the district judge were within the statutory limits of La.R.S. 14:67, and we are unable to find any manifest abuse of discretion on his part.
For the above and foregoing reasons, the defendants’ convictions and sentences are affirmed.
AFFIRMED.

 For the reasons assigned therein, the author of this opinion has also filed a concurring opinion.

. La.R.S. 14:67 states in pertinent part: ■
“Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.”

. La.C.Cr.P. Art. 894.1 states the following concerning the “aggravating factors” which should be taken into account by the trial judge in imposing a sentence:
“A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.”

. Ibid.