# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 21-522

**STATE OF LOUISIANA**

**VERSUS**

**KELBY MEAUX**
**A/K/A KELBY D. MEAUX**

\*\*\*\*\*\*\*\*\*\*
ON APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 63873,
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*
**JONATHAN W. PERRY**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*

Court composed of John E. Conery, Jonathan W. Perry, and J. Larry Vidrine,[*] Judges.

**AFFIRMED.**

---

[*] Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

Gwendolyn K. Brown
Attorney at Law
Louisiana Appellate Project
P. O. Box 64962
Baton Rouge, Louisiana 70896
(225) 229-6311
COUNSEL FOR APPELLANT:
    KELBY MEAUX A/K/A KELBY D. MEAUX

Donald Dale Landry
District Attorney
15th Judicial District
John Ghio
Assistant District Attorney
P.O. Box 3306
Lafayette, Louisiana 70502
(337) 232-5170
COUNSEL FOR APPELLEE:
    STATE OF LOUISIANA

**PERRY, Judge.**

Defendant, Kelby Meaux, was charged by bill of information on November 11, 2018, with one count of attempted second degree murder of Dominique Zaunbrecher, in violation of La.R.S. 14:27 and 14:30.1; one count of attempted second degree murder of Jace Trahan, in violation of La.R.S. 14:27 and 14:30.1; and one count of aggravated criminal damage to property, in violation of La.R.S 14:55.

On November 16, 2020, Defendant withdrew his previous plea of not guilty and pled no contest to one count of attempted second degree murder of Dominique Zaunbrecher. Pursuant to the plea agreement, the remaining charges were dismissed, and the trial court ordered a presentence investigation (PSI). Defendant reserved his right to appeal the sentence as excessive but waived any application for post-conviction relief.

On May 6, 2021, Defendant was sentenced to twenty years at hard labor without the benefit of parole, probation, or suspension of sentence. Neither defense counsel nor Defendant objected to the sentence imposed at the sentencing hearing or made a motion to reconsider the sentence. A motion to appeal was timely filed on June 2, 2021, which was granted by the trial court.

Defendant now appeals his sentence and asserts three assignments of error: (1) the trial court erred in imposing an excessive sentence; (2) the trial court erred in failing to comply with the sentencing mandates of La.Code Crim.P. art. 894.1; and (3) ineffective assistance of counsel for the failure to file a motion to reconsider sentence to preserve his right to object to the excessiveness of his sentence on specific grounds.

## FACTS

At the time of Defendant's no contest plea, the State gave the following factual basis for the charged offense:

> Your Honor, if this matter would have gone to trial, the State would have proved here in Vermilion Parish, on November 11, 2018, Mr. Kelby Meaux did attempt to murder one Dominique Zaunbrecher by shooting her in the torso.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we have determined there are no errors patent.

## ASSIGNMENT OF ERROR NO. 1
### (Excessive Sentence)

In his first assignment of error, Defendant argues his twenty-year sentence is excessive. Defendant also contends that if his trial counsel's failure to make or file a motion to reconsider sentence deprives him of review of his sentence, trial counsel was ineffective.

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> B. The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence

may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Under some jurisprudence, Defendant's failure to make or file a motion to reconsider sentence would preclude him from appealing his sentence. *See State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356; *State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59; *State v. Duplantis*, 13-424 (La.App. 3 Cir. 11/27/13), 127 So.3d 143, *writ denied*, 14-283 (La. 9/19/14), 148 So.3d 949. This court has, however, previously reviewed claims of excessiveness where no motion to reconsider sentence was filed or objection made, performing a bare excessiveness review. *State v. Jackson*, 14-9 (La.App. 3 Cir. 6/18/14), 146 So.3d 631, *writ denied*, 14-1544 (La. 2/27/15), 159 So.3d 1066; *State v. Soriano*, 15-1006 (La.App. 3 Cir. 6/1/16), 192 So.3d 899, *writ denied*, 16-1523 (La. 6/5/17), 219 So.3d 1111.

Louisiana courts have laid out the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v.*

3

> *Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

>> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261 (second alteration added). Along the same lines, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, and *writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three factor test from *Lisotta*, 726 So.2d 57.

Because Defendant failed to make or file a motion to reconsider sentence, we will review Defendant's claim as a bare excessiveness claim under *Baker*.

Regarding the nature of the offense, Defendant is contesting his twenty-year sentence for the attempted second degree murder of his ex-girlfriend whom he shot

in the torso. This crime is, by definition, a crime of violence under La.R.S. 14:2(B). Attempted second degree murder carries a sentencing range of "not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence." La.R.S. 14:27(D)(1)(a). As such, Defendant's sentence represents the mid-range of the sentencing range. Prior to sentencing, the victim submitted an impact statement to request a sentence of at least twenty-five years, noting that she was diagnosed with post-traumatic stress disorder, anxiety, depression, and sleep apnea because of the shooting.

At the time of sentencing, the trial court found Defendant was a twenty-one-year-old first felony offender. Defendant testified that he and the victim dated for several years before they ended their relationship. He further testified that he obtained a high school degree, was employed as a carpenter, and recently became a new father. Defendant indicated that four months prior to the offense, his mother scheduled a doctor's appointment for him to seek mental health treatment. The appointment was scheduled for the day after the offense. Defendant asserted that he had since been diagnosed with and treated for bipolar disorder, schizophrenia, anxiety, depression, post-traumatic stress disorder, and dissociative identity disorder.

Finally, this court has long upheld mid-range sentences for first offenders convicted of attempted murder. We note similar sentences were upheld in *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62; *State v. Clark*, 06-508 (La.App. 3 Cir. 9/27/06), 940 So.2d 799, *writ denied*, 06-2857 (La. 9/21/07), 964 So.2d 324; *State v. Sampy*, 07-1059 (La.App. 3 Cir. 3/5/08), 978 So.2d 553, *writ denied*, 08-845 (La. 11/10/08), 996 So.2d 1066; and *State v. Williams*, 16-579 (La.App. 3 Cir. 4/5/17), 216 So.3d 107.

The defendant in *Williams* was a first offender who received a twenty-five-year sentence; *Sampy* involved a thirty-year sentence for attempted second degree murder for a first offender who was simultaneously convicted of attempted manslaughter. The defendant in *Wommack*, also a first offender, received a twenty-one-year sentence. The defendant in *Clark* was the only one who was not a first offender, and the court there imposed a twenty-five-year sentence. These cases reflect this court's longstanding affirmation of mid-range sentences for first offenders convicted of attempted murder and support the imposition of a lesser twenty-year sentence.

After considering Defendant's sentence and taking into account the *Lisotta* factors, the Defendant has failed to prove the trial court abused its discretion in sentencing him to twenty years for attempted second degree murder. After all, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *See Cook*, 674 So.2d 957.

### ASSIGNMENTS OF ERROR NO. 2 AND 3
#### (Sentencing Mandates and Ineffective Assistance of Counsel)

In Defendant's second assignment of error, he alleges the trial court erred in failing to comply with the sentencing mandates in La.Code Crim.P. art. 894.1. In his third assignment of error, Defendant contends defense counsel was ineffective because he failed to make or file a motion to reconsider sentence to preserve his right to object to the excessiveness of his sentence on the specific grounds in La.Code Crim.P. art. 894.1. Because the assignments of error are intertwined, we will address them together.

As discussed, defense counsel did not make or file a motion to reconsider the sentence. Therefore, the trial court's failure to comply with the sentencing mandates

6

in La.Code Crim.P. art. 894.1 was not raised at the trial court level and cannot be raised for the first time on appeal. *Jackson*, 146 So.3d 631. Accordingly, we are precluded from reviewing this argument.

However, because trial counsel's failure to make or file a motion to reconsider sentence deprives Defendant of review of the trial court's compliance with La.Code Crim.P. art. 894.1, we will consider whether Defendant was denied effective assistance of counsel.

> Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. *State v. Prudholm,* 446 So.2d 729 (La.1984); *State v. Johnson*, 557 So.2d 1030 (La.App. 4 Cir.1990); *State v. Reed,* 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. *State v. Seiss*, 428 So.2d 444 (La.1983); *State v. Ratcliff*, 416 So.2d 528 (La.1982); *State v. Garland*, 482 So.2d 133 (La.App. 4 Cir.1986); *State v. Landry*, 499 So.2d 1320 (La.App. 4 Cir.1986).

> The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Fuller,* 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient and that he was prejudiced by the deficiency. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. *Strickland, supra*, 466 U.S. at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland, supra*, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. *State v. Sparrow,* 612 So.2d 191, 199 (La.App. 4 Cir.1992).

> This Court has recognized that if an alleged error falls "within the ambit of trial strategy" it does not "establish ineffective assistance of counsel." *State v. Bienemy*, 483 So.2d 1105 (La.App. 4 Cir.1986). Moreover, as "opinions may differ on the advisability of a tactic,

7

> hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." *State v. Brooks*, 505 So.2d 714, 724 (La.1987).

*State v. Griffin*, 02-1703, pp. 8-10 (La.App. 4 Cir. 1/15/03), 838 So.2d 34, 40, *writ denied*, 03-809 (La. 11/7/03), 857 So.2d 515.

Defendant argues defense counsel was ineffective for failing to make or file a motion to reconsider sentence. The failure to make or file a motion to reconsider sentence does not necessarily constitute ineffective assistance of counsel. Nevertheless, a defendant may have a basis to claim ineffective assistance when he can show a reasonable probability that but for defense counsel's error, his sentence would have been different. *State v. Blake*, 03-1465 (La.App. 3 Cir. 5/5/04), 872 So.2d 602. Furthermore, in *State v. Francis*, 99-208 (La.App. 3 Cir. 10/6/99), 748 So.2d 484, *writ denied*, 00-544 (La. 11/13/00), 773 So.2d 156, this court noted that where the record was sufficient to resolve the claim and the claim was raised by assignment of error on appeal, it may be considered. In the present case, the record is sufficient to address the claim of ineffective assistance of counsel for failure to make or file a motion to reconsider the sentence.

Louisiana Code of Criminal Procedure Article 894.1(C) requires the trial court to "state for the record the considerations [of La.Code Crim.P. art. 894.1(B)] taken into account and the factual basis therefor in imposing sentence." Nevertheless, "[w]here the record clearly shows an adequate factual basis for the sentence imposed[, the supreme] court has held that remand is unnecessary, even where there has not been full compliance with Article 894.1." *State v. Lanclos*, 419 So.2d 475, 478 (La.1982) (citing *State v. Boatright,* 406 So.2d 163 (La.1981); *State v. McDonald,* 404 So.2d 889 (La.1981); *State v. Martin,* 400 So.2d 1063 (La.1981);

and *State v. Douglas*[, 389 So.2d 1263 (La.1980)]). *See also State v. Parker*, 49,009, p. 21 (La.App. 2 Cir. 5/15/14), 141 So.3d 839, 852 ("the failure to state the factual basis for a sentence is not grounds for reversal where the basis is apparent from the record.")

> Furthermore, due to the trial judge's unique position of reviewing subjective factors not available on appeal, he is given a wide discretion in the imposition of sentences within the statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion.

*State v. Maxie*, 438 So.2d 1199, 1201 (La.App. 3 Cir. 1983), *writ denied,* 443 So.2d 1118 (La.1984).

"While the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983) (citing *State v. Ray*, 423 So.2d 1116 (La.1982); *State v. Keeney*, 422 So.2d 1144 (La.1982); *State v. Duncan*, 420 So.2d 1105 (La.1982)).

In this case, Defendant claims the trial court's compliance with La.Code Crim.P. art. 894.1 was inadequate to support his sentence. Specifically, Defendant argues the trial court should have given more significance to his mental health issues at the time of the incident. The State maintains that the trial court's considerations during sentencing were in accordance with La.Code Crim.P. art. 894.1. Further, the State points out that Defendant fails to introduce any new information that might have been raised at the sentencing hearing.

In sentencing Defendant, the trial court made the following observations:

> YOUR HONOR: All right. In review of the evidence submitted to this Court, I hereby find -- I hereby find that Mr. Kelby Meaux is a

9

21-year-old white male and has been classified as a first felony offender.

I hereby find that, due to the nature of the crime, in consideration of Article 893 as well as 890.3, he is not provided with the benefit of having a suspension of sentence and therefore will serve his sentence at hard labor without the benefit of probation, parole, or suspension of sentence.

I really don't have any evidence to suggest that he was not in his right mind at the time of the crime. The crime is one of the most violent crimes and, by the grace of God, Ms. Zaunbrecher was not killed. Had she been killed, he would be serving life without benefit. But obviously, God intervened and she is with us today.

You showed total disregard for her, total disregard for someone you supposedly loved at some point. So you had no mercy on her. I don't know why I should have any mercy on you.

Now, I will say I will consider your mental health as a mitigating factor. However, it does not excuse your actions. I will consider your youth as a mitigating factor. However, it does not excuse your actions.

I see from the PSI and from the victim's impact statement there was a prior history of domestic violence and a very volatile relationship between both the defendant and the victim, which the Court will take into consideration for sentencing.

From the sentencing transcript, it is clear the trial court considered Defendant's mental health and youth as mitigating factors. The trial court found Defendant was a first offender but noted a history of domestic violence between Defendant and the victim. Therefore, we find the trial court's compliance with La.Code Crim.P. art. 894.1 was adequate.

Even considering Defendant's age, mental health issues, and lack of criminal history, we further find his twenty-year sentence does not shock the sense of justice and is not disproportionate to the severity of the offense under these facts and circumstances. Defendant has not proven counsel's failure to make or file a motion to reconsider sentence would have resulted in a lesser sentence. Therefore, we find the failure to make or file a motion to reconsider sentence to preserve Defendant's

right to object to the excessiveness of his sentence on the specific grounds in La.Code Crim.P. art. 894.1 did not result in ineffective assistance of counsel.

## DISPOSITION

For the foregoing reasons, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**